# WILLIAM N. ATKINSON v. UNITED STATES OPERATING COMPANY.[1]

April 30, 1915.

Nos. 19,115—(58).

**Jurisdiction over foreign corporation.**

Defendant, a Maine corporation with its place of business in Illinois, sent agents into Minnesota to sell its own corporate stock. One of these agents sold stock to plaintiff in Minnesota and in the course of the negotiations made representations out of which this cause of action arose. Defendant's principal executive officer came several times to Minnesota for the purpose of adjusting this and other claims, and did adjust some claims here. The president of the corporation resided in Minnesota and occasionally performed official acts in the state. Summons in this action was served upon the president in this state. *Held*, the corporation had brought itself within the state and the court acquired jurisdiction by the service.

Action in the district court for Houston county to recover $2,625 for false representations in the sale of defendant's stock. Defendant appeared specially and moved to set aside the service of the summons and to dismiss the action on the ground that defendant was a foreign corporation, that the person on whom the summons was served was in fact only nominally an officer of the corporation and transacted no business for the corporation, and that the corporation did no business in the state. The motion was heard before Kingsley, J., who denied it. Plaintiff's motion for an order striking out the answer was granted, with leave to the defendant to answer upon the merits within 15 days. From the order granting plaintiff's motion to strike out the answer and from the order denying defendant's motion to set aside the service of the summons, defendant appealed. Affirmed.

[1] Reported in 152 N. W. 410.

Note.—The authorities on the question of acquiring jurisdiction over a foreign corporation by service of process are collated in a note in 70 L.R.A. 532.

*L. L. Duxbury, Frank Winter* and *Lewis A. Stebbins,* for appellant.

*Edward Lees* and *Lees & Bunge,* for respondent.

HALLAM, J.

Defendant is incorporated in Maine. Its place of business is in Chicago, Illinois. Its president resides at Minneapolis, Minnesota. Its business is the handling of the agency business of a life insurance company which does no business in Minnesota. This action is brought to recover the price paid for stock of defendant company alleged to have been sold by defendant to plaintiff, the sale having been rescinded by plaintiff for fraudulent representations made by the agent negotiating the sale. Summons was served on the president in this state. Defendant moved to set aside the service of the summons, alleging that service upon the president in this state gave the court no jurisdiction over the corporation. The trial court denied the motion and defendant appeals.

The statutes of this state provide that in an action against a foreign corporation "the summons may be served by delivering a copy to any of its officers or agents within the state." G. S. 1913, § 7735, subd. 3. The method of service prescribed by the statutes of the state was accordingly followed. But this is not determinative of the question of jurisdiction. The service of process upon the agent designated by a state statute in order to confer jurisdiction must constitute due process of law under the requirements of the Fourteenth amendment to the Constitution of the United States. Connecticut Mutual Life Ins. Co. v. Spratley, 172 U. S. 602, 19 Sup. Ct. 308, 43 L. ed. 569; Armstrong Co. v. New York Central & H. R. R. Co. supra, page 104, 151 N. W. 917, and cases cited. Whether it does or not is a Federal question, ruled by Federal decisions. To meet the requirement of due process of law in an action against a foreign corporation there must not only be service of process upon an officer or agent within the state, but the corporation must be doing business in the state. Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. ed. 517; Connecticut Mutual Life Ins. Co. v. Spratley, 172 U. S. 602, 19 Sup. Ct. 308, 43 L. ed. 569. No general rule has been for-

mulated defining what transactions constitute doing business so as to render the corporation liable to service, but in general the business "must be such in character and extent as to warrant the inference that the corporation has subjected itself to the jurisdiction and laws" of the state, or, as often stated in other language which is perhaps more explicit, the transaction of business must be such that the corporation is for the time being within the state in which it is sued. St. Louis S. W. Ry. Co. v. Alexander, 227 U. S. 218, 33 Sup. Ct. 245, 57 L. ed. 486; International Harvester Co. of America v. Commonwealth of Kentucky, 234 U. S. 579, 34 Sup. Ct. 944, 58 L. ed. 1479.

In this case the president conducted some necessary correspondence from his home in Minneapolis, and from time to time signed papers there, the nature of which does not appear. The other business transacted in this state related to the sale by the defendant of its own stock. It appears that defendant had three different agents in this state engaged in the business of selling its stock. One of these was so engaged for the period of seven months and up to a short time before the commencement of this action. It was this agent who negotiated the sale to plaintiff and who made the representations here relied upon. When the defendant was incorporated does not appear, but from facts which are stated it must have been incorporated some years before this cause of action arose. These sales of stock were in no sense preliminary to the organization of the corporation or to the commencement of its business, but occurred long after the corporation commenced to be a going concern. When plaintiff and the others, whose claims have been assigned to plaintiff, concluded to rescind their subscription contracts, their attorney mailed their demand for rescission to the president at Minneapolis. In response thereto the secretary and general manager of the company came from Chicago to Minnesota to negotiate for a settlement of the demands of these parties. Numerous other controversies arose out of contracts for sale of stock in Minnesota, and on several occasions the secretary came to Minnesota to negotiate settlements, both before and after the time of service of the summons in this action, and made several settlements of such disputes.

It is contended that no one of these acts nor all of them together,

constituted such transaction of business·in the state that the defendant could be said to have ever been in the state. We are of the opinion that this contention should not be sustained.

The business transacted by the president in this state, so far as proven, was not considerable, but it was not necessary in order to confer jurisdiction by service upon him that he should have transacted any business at all in this state. Service within the state upon a. resident officer of a foreign corporation is sufficient to confer jurisdiction where the corporation is doing business in the state, even though the business is not done by the officer served. Pennsylvania Lumbermen's Ins. Co. v. Meyer, 197 U. S. 407, 25 Sup. Ct. 483, 49 L. ed. 810; Kendall v. American Automatic Loom Co. 198 U. S. 477, 25 Sup. Ct. 768, 49 L.· ed. 1133; St. Louis S. W. Ry. Co. v. Alexander, 227 U. S. 218, 33 Sup. Ct. 245, 57 L. ed. 486.

The question whether the sale by a corporation of its own stock constitutes "doing business," within the meaning of the rule here under consideration, is one upon which we find no authority. There are some decisions which hold that such acts do not constitute doing business under state statutes which impose conditions upon foreign corporations doing business in the state. 5 Thompson, Corporations, § 6677; Payson v. Withers, 5 Biss. 269, Fed. Cas. 10,864; Pavilion Co. v. Hamilton, 15 Pa. Super. Ct. 389; Southworth v. Morgan, 143 App. Div. 648, 128 N. Y. Supp. 196. But these decisions are not decisive or persuasive as to the question here involved. The question as to what constitutes "doing business" within the meaning of these statutes is entirely distinct from the question as to what constitutes "doing business" in the sense that the corporation subjects itself to the jurisdiction of the courts of the state. Kendall v. Orange Judd Co. 118 Minn. 1, 136 N. W. 291; International Harvester Co. v. Commonwealth of Kentucky, 234 U. S. 579, 589, 34 Sup. Ct. 944, 58 L. ed. 1479. Any transactions which bring the corporation within a state render it subject to the jurisdiction of the courts of that state, and we see no good reason why a corporation fully formed may not bring itself within a state by authorized transactions growing out of a sale of its stock as well as by transactions of any other kind.

There are many decisions bearing upon the question as to whether

negotiations of settlement of demands against a foreign corporation constitute such a doing of business as will bring the corporation within the state. Some hold that a single negotiation of this sort is not sufficient to bring the corporation within the state. Louden Machinery Co. v. American Malleable Iron Co. 127 Fed. 1008; Wilkins v. Queen City Savings Bank & Trust Co. 154 Fed. 173; Hoyt v. Ogden Portland Cement Co. 185 Fed. 889. The majority go to the extent of holding that presence of an officer or agent of the corporation in the state for the purpose only of settlement of the dispute out of which the action arose is sufficient to authorize service of summons in such action. Houston v. Filer & Stowell Co. 85 Fed. 757; New Haven Pulp & Board Co. v. Downingtown Mnfg. Co. 130 Fed. 605; Brush Creek Coal & M. Co. v. Morgan-Gardner Ele. Co. 136 Fed. 505; Fond du Lac C. & B. Co. v. Henningsen P. Co. 141 Wis. 70, 123 N. W. 640. As said by Dodge, J., in the last case: "A corporation ordinarily acts and moves in the person of some individual, and when any individual, officer, or agent is, within the authority committed to him, performing an act of the corporation, the latter must be deemed present physically in the person exercising its powers."

In St. Louis S. W. Ry. Co. v. Alexander, 227 U. S. 218, 33 Sup. Ct. 245, 57 L. ed. 486, service was made in New York upon a resident director of a Texas corporation on a cause of action arising in New York. The director did no business for the corporation in New York. Defendant and another allied railroad corporation used the name "Cotton Belt Route." They maintained an office in New York with names on door "Cotton Belt Route, St. Louis Southwestern Lines," and the names P. H. Coombs, General Eastern Freight and Passenger Agent, and C. W. Braden, Traveling Freight Agent. There was no showing as to business transacted, except that Coombs conducted correspondence in regard to settlement of plaintiff's claim. The service was sustained.

But we are not required to determine what would have been the effect of doing any of the single acts done by this defendant in this state. We are entitled to take them all together. Our opinion is that after defendant had sent its agents into the state to sell its stock;

after one of those agents in carrying out his mission had made representations in this state out of which a cause of action arose; after its principal executive officer had made repeated trips into the state in an attempt to adjust this and other claims; and after it had located its president in this state doing at least some official acts here, this defendant is not in a position to say that it has never been in the state of Minnesota. It is true that by this decision this defendant "is compelled to answer away from its domicile, but not any further away than it has gone voluntarily by its agents to do that which has given occasion for the process and its service." Estes v. Belford, 22 Fed. 275. As said by Start, C. J., in Strom v. Montana Central Ry. Co. 81 Minn. 346, 84 N. W. 46: "If a foreign corporation comes within this state, and enters into contracts or does acts whereby a cause of action accrues to another, it ought to answer therefor in our courts, upon summons being served on any of its officers who may be found in the state."

Defendant relies largely upon Green v. Chicago, B. & Q. Ry. Co. 205 U. S. 530, 27 Sup. Ct. 595, 51 L. ed. 916, and North Wisconsin Cattle Co. v. Oregon Short Line R. Co. 105 Minn. 198, 117 N. W. 391. In the recent case of Armstrong Co. v. New York Central & H. R. R. Co. 129 Minn 104, 151 N. W. 917, we endeavored to distinguish these cases from cases where service was made in compliance with the express requirements of a state statute, and we think these decisions do not in any sense control this case.

Order affirmed.