## MAYME JENKS v. ROYAL BAKING POWDER COMPANY.[1]

### December 10, 1915.

### Nos. 19,550—(120).

**Foreign corporation doing business in Minnesota.**

> Appellant, a foreign corporation, was engaged in an advertising and selling campaign in Minnesota. One Christensen, its agent in this state, who had charge of its business, had an office and place of business in this state. He employed agents and solicitors who advertised and sold and delivered defendant's products to customers in this state. A stock of defendant's goods was kept on hand at Christensen's place of business and most of the goods sold and delivered in this state by such solicitors and agents were procured from the stock in Christensen's charge. The summons and complaint in this action were served on Christensen. *Held,* that the corporation was doing business in this state, and that the court acquired jurisdiction by such service.

Action in the district court for Ramsey county to recover $10,000 for assault and battery. Defendant appeared specially and moved to set aside the attempted service of summons and complaint. The motion was heard and denied by Michael, J. From the order denying its motion, defendant appealed. Affirmed.

*M. D. Munn,* for appellant.

*Wondra & Helm* and *C. D. O'Brien,* for respondent.

[1] Reported in 155 N. W. 103.

Note.—For soliciting trade as doing business within the state so as to authorize service against foreign corporation, see notes in 9 L.R.A.(N.S.) 1214; and 23 L.R.A.(N.S.) 834.

Schaller, J.

Plaintiff, a resident and citizen of the state of Minnesota, was an employee of the defendant, a foreign corporation. This action was brought for an assault committed upon the plaintiff at Omaha, Nebraska, by a representative of defendant company under circumstances imposing liability on defendant.

The summons and complaint were served in this state upon one Nic. Christensen, defendant's alleged agent in this state. Before the time for answering expired, defendant moved to set aside the service, on the ground that the court had not obtained jurisdiction. The matter was heard on affidavits and counter affidavits. The motion was denied. Defendant appeals.

It may be deduced from the record: That at the date of the service of the summons and complaint the defendant was carrying on in this state an advertising and selling campaign, which was in charge of Nic. Christensen, who had a place of business in Minneapolis, in this state, and who was defendant's only representative in Minnesota; that he employed a large number of sub-agents who solicited business and advertised and sold goods for the defendant; that a stock of the baking powder which defendant manufactured and sold, and large quantities of defendant's advertising matter, were kept on hand at such place of business; and that the agents and solicitors engaged by Christensen procured most of the goods which they sold and delivered in Minnesota from the stock in his possession.

From these facts the court concluded that the defendant was engaged in doing business in this state and that the agent, upon whom the summons and complaint were served, was a proper person upon whom to make service so as to acquire jurisdiction over the defendant.

The ruling was correct. W. J. Armstrong Co. v. New York Central & H. R. R. Co. 129 Minn. 104, 151 N. W. 917; Atkinson v. United States Operating Co. 129 Minn. 232, 152 N. W. 410; Kulberg v. Fraternal Union of America, supra, page 131, 154 N. W. 748; Lattu v. Ontario & Minn. Power Co., supra, page 162, 154 N. W. 950.

Order affirmed.