DANIEL E. POMEROY et al., Respondents, *v.* THE HOCK-
ING VALLEY RAILWAY COMPANY, Appellant.

ARTHUR WARRINER, Respondent, *v.* THE HOCKING VAL-
LEY RAILWAY COMPANY, Appellant.

Service of process — foreign corporations — motion to set aside
service of summons and complaint upon ground that defendant
is a foreign corporation and not doing business in this state —
facts examined, and held, that such company was maintaining
offices and transacting business in this state — when service
upon the secretary of defendant constitutes due process and gives
the court jurisdiction.

1. No precise rules can be formulated by which to determine in
each case for the purpose of service of a summons whether a foreign
corporation is doing business in a state. This question must largely
be decided by the particular facts in each case. But the fact that
a corporation is conducting the principal part of its business in the
state of its incorporation does not prevent it from so prosecuting its
business in another state as to bring it within the character of a
corporation doing business in the latter state.

2. Plaintiff in one case and some of the plaintiffs, all being united
in interest, in the other case resided in the state of New York, and
service was made within the state upon the secretary of the defend-
ant, who there resided and had his office. Subsequently a motion
was made in each action to set aside the service " upon the ground
that the defendant was a foreign corporation organized and existing
under and by virtue of the laws of the State of Ohio, and was not
doing business within the State of New York, and that said service
is in violation of the Constitution of the United States and par-
ticularly section 1 of the Fourteenth Amendment thereof." It
appeared that the board of directors and executive committee of
defendant met in the state of New York, there exercising supervision
over its management and business and providing for the successful
transaction of the latter; that the secretary permanently resided and
had his office in the city of New York for the purpose of discharging
duties which were incidental and necessary to the transaction of its
business; the treasurer there paid obligations and dividends of the
company for the purpose of enabling the corporation to maintain
its existence and carry on the business for which it was organized.
*Held,* that these and additional facts permitted the conclusion that

the defendant was transacting business in this state  *Held, further*, that controlling decisions establish the rule that service under subdivision 1 of section 432 and section 1780 of the Code of Civil Procedure upon a foreign corporation doing business within the state by delivery to the officer therein mentioned under the circumstances appearing in this case is due process.

> *Pomeroy* v. *Hocking Valley Ry. Co.*, 173 App. Div. ——, affirmed.
> *Warriner* v. *Hocking Valley Ry. Co.*, 173 App. Div. ——, affirmed.

(Argued May 25, 1916; decided July 11, 1916.)

APPEAL, in each of the above-entitled actions, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 29, 1916, which affirmed an order of Special Term denying a motion to set aside service of summons and complaint.

The following questions were certified: "1. Do the facts appearing in the papers on the motion to set aside the service of the summons and the complaint herein show that the defendant was doing business within the state of New York at the time of the attempted service of the summons and complaint upon it ?  2. Under the circumstances set forth in the papers on the motion to set aside the service of the summons and complaint herein is the attempted service upon the defendant due process of law under the provisions of section 1 of the Fourteenth Amendment of the Constitution of the United States ? "

The facts, so far as material, are stated in the opinion.

*G. H. Dorr* and *A. C. Rearick* for appellant.  The attempted service of the defendant in accordance with the provisions of the Code of Civil Procedure, section 432, subdivision 1, was invalid under the provisions of section 1 of the Fourteenth Amendment to the Constitution of the United States, for the reason that under the provisions of said amendment the process provided by section 432, subdivision 1, is not due process of law; and said subdivision of said section is, therefore, unconstitutional and void.  (*Pope* v. *Terre Haute Car Mfg. Co.*, 87 N. Y.

137; *Grant* v. *Cananea Con. Copper Co.*, 189 N. Y. 241; *St. Clair* v. *Cox*, 106 U. S. 350; *Denver & R. G. R. Co.* v. *Roller*, 100 Fed. Rep. 738; *Tuchband* v. *R. R. Co.*, 115 N. Y. 437; *Sleicher* v. *Pullman Co.*, 170 Fed. Rep. 365; *Green* v. *C., B. & Q. R. R. Co.*, 205 U. S. 530; *Riverside, etc., Mills* v. *Menefee*, 237 U. S. 189; *Bagdon* v. *P. & R. C. & I. Co.*, 217 N. Y. 432; *Cella Commer. Co.* v. *Bollinger*, 147 Fed. Rep. 419.) Even if the application of subdivision 1 of section 432 of the Code of Civil Procedure had been limited by the legislature to foreign corporations doing business within the state of New York, the attempted service on the defendant in this case would not have been effective, for the reason that the defendant is not doing business within the state of New York. (*International Harvester Co.* v. *Kentucky*, 234 U. S. 579; *Green* v. *C., B. & Q. R. R. Co.*, 205 U. S. 530; *Bank of Augusta* v. *Earle*, 13 Pet. 519; *St. Clair* v. *Cox*, 106 U. S. 350; *Carpenter* v. *Westinghouse A. B. Co.*, 32 Fed. Rep. 434; *Denver, etc., R. R. Co.* v. *Roller*, 100 Fed. Rep. 738; *Tuchband* v. *Chicago, etc., R. R. Co.*, 115 N. Y. 437; *People* v. *Horn S. M. Co.*, 105 N. Y. 76; *People ex rel. D. P. M. Co.* v. *Feitner*, 77 App. Div. 189; *People* v. *Am. B. T. Co.*, 117 N. Y. 241; *People* v. *Sohmer*, 112 N. E. Rep. 181.)

*James J. Porter* and *Joseph M. Hartfield* for respondents. The defendant is doing so material a part of its corporate business in this state as to bring it within the jurisdiction of the courts of this state. (*Hiller* v. *B. & M. R. R. Co.*, 70 N. Y. 223; *Pope* v. *Terre Haute Car Mfg. Co.*, 87 N. Y. 137; *Sadler* v. *Boston & Bolivia Rubber Co.*, 140 App. Div. 367; 202 N. Y. 547; *Smith* v. *W. P. Ry. Co.*, 138 App. Div. 244; *Riverside, etc., Mills* v. *Menefee*, 237 U. S. 189; *Sleicher* v. *Pullman Co.*, 170 Fed. Rep. 365; *Rivans* v. *S. M. & A. R. Co.*, 114 Fed. Rep. 982; *Westinghouse A. B. Co.* v. *G. N. Ry. Co.*, 88 Fed. Rep. 258.)

HISCOCK, J.    Each of these actions was brought to recover on a contract claimed to have been made by the defendant guaranteeing the payment of the principal and interest of certain coupon bonds issued by the Kanawah and Hocking Coal and Coke Company, and which contract and guaranty it is claimed were not observed and fulfilled in the case of certain bonds held by the plaintiffs.

Each action was commenced by the service of a summons and complaint in the state of New York upon a person who there resided and was the secretary of the defendant.    Subsequently under an order to show cause a motion was made in each action to set aside the service of said summons and complaint " upon the ground that at the time of the attempted commencement of the action herein the defendant was a foreign corporation organized and existing under and by virtue of the laws of the State of Ohio, and was not doing business within the State of New York, and that said service is in violation of the Constitution of the United States and particularly Section 1 of the Fourteenth Amendment thereof."    This motion having been denied an appeal to this court has been permitted, and the questions already quoted certified to us for answer.    Inasmuch as these questions and the facts and considerations determining the answer to be given thereto are the same in each case they will be discussed as if arising in one case in the order in which they have been stated.

I think that the facts established on the motion to set aside the service of the summons sustain the conclusion that the defendant was doing business within this state at the time of the service.    Amongst the important facts thus appearing were the following:

The defendant is a foreign railroad corporation incorporated under the laws of the state of Ohio, and has never obtained a certificate permitting it to do business in this state.    All of its railroad and other physical proper-

ties are situated in the state of Ohio, or at least outside of the state of New York. Its principal office is located in the city of Columbus, Ohio, where are kept its general books of account and wherefrom are conducted most of its business and paid most of the disbursements connected with the operation of its railroad. It has within the state of New York no agencies for the prosecution of its immediate business, such as the solicitation of passenger or freight traffic. The majority of its officers including the vice-president, who is the most important executive official, and a majority of its directors live outside the state of New York.

These facts of course negative the conclusion that the defendant is transacting business within this state, but as against them there appeared these other ones:

The Chesapeake and Ohio Railway Company, which is the principal owner of defendant's capital stock, maintains a suite of offices in New York city, and certain rooms in this suite are used by the defendant for its office. Its name appears upon the doors thereof and several meetings each year of its board of directors and executive committee are held there. A number of said directors and of the members of said executive committee, including the chairman of the board of directors, reside in New York city and the latter official as well as the president of the company when in New York city uses offices in said suite. The secretary of defendant resides within the state and has his only office as such at said location where he keeps the minutes of the board of directors and of the executive committee and conducts correspondence relating to the business of the defendant. From these same offices are paid by the treasurer certain obligations of the defendant including the principal and interest of bonds and notes, dividends, claims for legal services and incidental expenses. The defendant's stock is transferred in New York and interest upon bonds and various obligations not paid directly by the treasurer are there paid

through the fiscal agents of the company, Messrs. J. P. Morgan & Company. The defendant pays the Chesapeake and Ohio Railway Company for its office facilities and clerical work furnished by the latter company at said location.

As stated, I think that these facts permitted the conclusion that the defendant was transacting business in New York state. Perhaps it might be argued with considerable force that this was an inference of fact to be drawn from all the circumstances, but inasmuch as the question has been submitted to us necessarily as one of law and is assumed by both sides on this argument to be of such a character we shall pass on it as such. No precise rules can be formulated by which to determine in each case whether a foreign corporation is doing business in a state. As has been said by the courts, this question must largely be decided by the particular facts in each case. But of course there are certain undisputed general principles which may be applied to the disposition of such a question. The fact that the corporation is conducting the principal part of its business in the state of its incorporation does not prevent it from so prosecuting its business in another state as to bring it within the character of a corporation doing business in the latter state. While it is true that the business which it is conducting in the latter state in order to give the courts thereof jurisdiction over it for the purposes now being discussed must be part of the business for which it was organized, it cannot be necessary in every case that the transactions in said latter state shall be the performance of those particular acts which constitute the characteristic feature of the business for which the corporation was organized. It is not essential in this case that the defendant for the purposes now being discussed should here actually locate its tracks, operate its rolling stock or solicit traffic. It is an indispensable condition and incident to these latter operations and to the conduct of business

that general supervision should be exercised over the management of the corporation by its board of directors, executive committees and executive officials, and that provision should be made for meeting its financial obligations in order that the corporation may be kept out of bankruptcy and be permitted to carry on its business. The payment, too, of dividends and the transfer of stock while perhaps not sufficient of themselves to constitute the transaction of business for the purposes here being discussed, doubtless are of some importance in connection with other facts.

The defendant comes within the application of these considerations. It must be assumed that when its board of directors and executive committee were meeting in the state of New York they were there exercising supervision over its management and business and providing for the successful transaction of the latter; that when the secretary permanently resided and had his office in that city it was for the purpose of discharging duties which were incidental and necessary to the transaction of its business; that when the treasurer there paid obligations and dividends of the company he obviously did so for the purpose of enabling the corporation to maintain its existence and carry on the business for which it was organized. All of these duties were being discharged in order that the corporation might own and operate its railroad and secure and transact its regular business, and through these boards, committees and officials the corporation was transacting business at the place where they had their offices, held their meetings and discharged their duties.

While the cases of *St. L. S. W. R. R. Co. of Texas* v. *Alexander* (227 U. S. 218); *Green* v. *C., B. & Q. R. Co.* (205 U. S. 530), and *Washington-Virginia Railway Co.* v. *Real Estate Trust Co.* (238 U. S. 185) involve facts not entirely like but in some respects perhaps stronger for the plaintiff than those here presented, I think that upon the whole they sustain the conclusions here being reached.

The second question certified to us, whether "under the circumstances set forth in the papers on the motion to set aside the service of the summons and complaint herein" service upon the defendant constituted due process of law, seems to me to involve largely the same inquiry which has already been discussed. The "circumstances set forth in the papers on the motion to set aside the service," were the ones already considered and the additional ones that the plaintiff in one case and some of the plaintiffs, all being united in interest, in the other case resided in the state of New York, and that service was made within the state upon the secretary of the defendant, who, as already stated, there resided and had his office. Section 1780 of the Code provides that "An action against a foreign corporation may be maintained by a resident of the state," and subdivision 1 of section 432 provides that "Personal service of the summons upon a defendant, being a foreign corporation, must be made by delivering a copy thereof, within the state, * * * To the * * * secretary." Controlling decisions establish the rule that service under these sections upon a foreign corporation doing business within the state by delivery to the officer therein mentioned under the circumstances appearing in this case is due process. (*Goldey* v. *Morning News*, 156 U. S. 518; *Riverside & D. R. C. Mills* v. *Menefee*, 237 U. S. 189; *Bagdon* v. *Phila. & R. C. & I. Co.*, 217 N. Y. 432.)

Therefore, as it seems to me, the answer to this second question is practically determined by the answer given to the first one that the defendant was doing business within the state of New York at the time the service was made upon its secretary.

Counsel for the defendant has argued with much earnestness another proposition. Admitting that jurisdiction of a foreign corporation doing business within the state may be obtained by our courts by service of a summons upon an officer, such as defendant's secretary was,

within the state on business of the corporation, he calls our attention to the reverse rule undoubtedly now established by the cases last cited that jurisdiction cannot be thus obtained by service upon a foreign corporation not doing business within this state through delivery to an official thereof incidentally in the state. He then calls our attention to the fact that subdivision 1 of section 432 already quoted, by its literal terms, provides just as much for service upon a foreign corporation under the circumstances last stated as in the case where it is doing business within the state and may be properly served, and therefrom he argues that the entire provision is unconstitutional and void because the void purposes of the statute cannot be detached from the constitutional ones and the whole statute must go down, and nothing be left authorizing the service which was made.

For some reason the respondents' counsel have deemed it unnecessary to consider at all this proposition which if it is here is much the most important one before us, and we are, therefore, without the benefit of any answer which they might have made.

If the proposition were fairly presented by the question certified to us I am not at all prepared to say that it might not be a subject for consideration, but I do not think it is fairly here. The question which has been formulated whether under the circumstances disclosed upon the motion service upon the defendant was due process, seems simply to present the fundamental inquiry whether the defendant was theoretically within our state in such a manner that jurisdiction of it could be obtained by proper service of the summons, and not to suggest the inquiry whether our statute providing for service may not be too broad. This view is strengthened by the terms of the order to show cause which served as a notice of motion to set aside the service. It was essential that such order should disclose the reasons upon which the court would be asked to grant the motion and the reason

stated for setting aside the service was "that at the time of the attempted commencement of the action herein the defendant was a foreign corporation organized and existing under and by virtue of the laws of the state of Ohio and was not doing business within the state of New York and that such service is in violation of the Constitution of the United States and particularly section 1 of the Fourteenth Amendment thereof." This statement of the grounds upon which the motion was made does not in any degree outline a claim that there were any defects in the statute under which the service was made. Furthermore, and in accordance with such notice, no consideration seems to have been given either at the Special Term or the Appellate Division to the proposition now being discussed.

Under such circumstances I think that we are not only not called upon to interpret the question which has been certified to us as involving this inquiry, but that it would be unjust to the respondents so to do. If the motion had disclosed the claim now being advanced as one of the grounds upon which the service should be set aside, it very well might have happened that the plaintiffs would have been able in their answering affidavits to present facts to sustain such service upon some other ground, especially that set forth in subdivision 3 of said section 432.

Therefore, it is recommended that the order in each case be affirmed, with costs, and that each question certified to us be answered in the affirmative.

CHASE, CUDDEBACK, HOGAN and POUND, JJ., concur; CARDOZO, J., concurs in result; WILLARD BARTLETT, Ch. J., absent.

Orders affirmed, etc.