## JAMES F. PATERSON AND OTHERS v. SHATTUCK ARIZONA COPPER COMPANY AND OTHERS.[1]

October 29, 1926.

No. 25,371.

**When jurisdiction is obtained over foreign corporation by service of summons on resident officer.**

1. A court does not obtain jurisdiction to render a personal judgment against a foreign corporation by the service of the summons on an officer of the corporation residing in this state unless the corporation is doing business within the state at the time of the service or has entered into contracts with its citizens of extended duration and mutual obligation.

**Same rule applicable when such corporation owns property and cause of action arose in this state.**

2. Although a corporation owned property in this state and the cause of action arose here and the plaintiffs are citizens of the state, the rule above stated does not cease to be applicable.

[1]Reported in 210 N. W. 620.

Attempted service properly vacated.

3. Under the evidence the court was justified in concluding that respondent was not doing business in Minnesota at the time of the attempted service of the summons and in vacating the service.

Corporations, 14a C. J. p. 1368 n. 80; p. 1373 n. 22, 24; p. 1374 n. 36, 37, 40; p. 1375 n. 42; p. 1376 n. 68; p. 1380 n. 19 New; p. 1382 n. 60, 68, 69, 69 New.

See note in L. R. A. 1916E, 244; 21 R. C. L. 1353.

Plaintiffs appealed from an order of the district court for St. Louis county, Magney, J., granting a motion to vacate service of summons upon defendant Shattuck-Denn Mining Corporation. Affirmed.

*Edward B. Graves* and *Charles C. McElwee*, for appellants.

*John G. Williams* and *McClearn & Gilbertson*, for respondent.

LEES, C.

On November 7, 1925, the summons in this action was delivered to H. L. Mundy at St. Paul, where he resides. At that time he was a director and a vice-president of the respondent, Shattuck-Denn Mining Corporation. The respondent appeared specially and moved that the service be vacated and set aside. An affidavit by one of respondent's attorneys was presented in support of the motion. The affidavit stated that respondent was not and never had been a citizen or resident of the state of Minnesota; that it never had any property in this state or an office or place of business therein; that it never had been authorized to transact or had transacted any business in this state and had not empowered anyone to accept service of process in its behalf in Minnesota. Appellants filed no counter affidavits. They based their opposition to the motion on the allegations of their verified complaint. The court granted the motion and appended a memorandum to the order, stating that respondent is a corporation organized under the laws of Delaware; that it had no property, was not domiciled and did no business within this state. The ultimate question to be determined is whether there was a valid service of the summons.

Appellants are minority stockholders in the Shattuck Arizona Copper Company, who claim that their rights are threatened by the consolidation of that company with the Denn-Arizona Copper Company. It appears from the complaint that respondent has acquired a majority of the stock issued by its codefendants, both of which are domestic corporations. It is contended that the shares acquired are property in this state and that the acquisition and ownership of the stock brought respondent into the state and within the jurisdiction of our courts. If it be conceded that the stock has a situs in this state, the conclusion does not follow that jurisdiction over respondent was obtained by the delivery of the summons to Mr. Mundy. Although our courts have jurisdiction over property in this state owned by a foreign corporation and may cause the property to be seized to satisfy demands against the corporation, this jurisdiction does not extend to the corporation in personam. The rule in this regard is well settled. A personal judgment against a defendant over whom the court rendering it has no jurisdiction is void, for the foundation of jurisdiction is physical power, and no state, through its courts, can reach out and impose a personal obligation on a defendant over whom the state has no control. The doctrine is set forth in 10 Minn. L. R. 520, and is fully supported by the cases cited. The conclusion follows that the service on Mr. Mundy did not give the court jurisdiction of respondent even though respondent had property in Minnesota.

In W. J. Armstrong Co. v. N. Y. C. & H. R. R. Co. 129 Minn. 104, 151 N. W. 917, L. R. A. 1916E, 232, Ann. Cas. 1916E, 335, it was said that, to give a court jurisdiction in personam over a foreign corporation, three conditions are necessary: First, it must appear that the corporation was carrying on business in the state where process was served on its agent; second, the business must have been transacted or managed by some agent or officer appointed by or representing the corporation in such state; third, the corporation must be amenable to suit under some local law. See also North Wisconsin C. Co. v. O. S. L. R. Co. 105 Minn. 198, 117 N. W. 391; Kendall v. Orange Judd Co. 118 Minn. 1, 136 N. W. 291; Atkinson v. U. S. Operating Co. 129 Minn. 232, 152 N. W. 410, L. R. A. 1916E, 241;

Abramovich v. Continental Can Co. 166 Minn. 151, 207 N. W. 201; Cannon Mnfg. Co. v. Cudahy Packing Co. 267 U. S. 333, 45 Sup. Ct. 250, 69 L. ed. 634.

Louis F. Dow Co. v. First Nat. Bank, 153 Minn. 19, 189 N. W. 653, goes directly to the point. It was there held that, to obtain jurisdiction of a foreign corporation, the corporation must have been doing business in this state when service of the summons was made, and that the only cases excepted from this rule are those in which the corporation has gone into a state and entered into contracts with its citizens of extended duration and mutual obligation under which the corporation continues to receive benefits.

Neither does the fact that the cause of action arose in the state suffice to take a case out of the operation of the rule announced in the Dow case. See the final paragraph of the majority opinion.

It is contended that the complaint shows that all the defendants were parties to a conspiracy to give respondent the control of the property of its codefendants through stock ownership and to place in the hands of the holders of the stock in the Denn-Arizona Copper Company a majority of the shares issued by respondent and the ultimate control of the property of the Shattuck-Arizona Copper Company, to the injury of appellants as stockholders therein; that, in furtherance of the conspiracy, meetings of the stockholders of the Shattuck-Arizona and Denn-Arizona companies were held at Duluth to authorize the transfer of the corporate property to the respondent; and that respondent had issued its stock in exchange for the stock held by a majority of the stockholders of the two domestic corporations. Granting for the sake of the argument, that such acts constituted business transactions in this state to which respondent was a party, it cannot be held that this alone is sufficient to establish respondent's presence in Minnesota at the time of the attempted service of the summons.

It appears from an exhibit attached to and made part of the complaint that on July 1, 1925, the stockholders of the Shattuck Arizona Copper Company were notified by their officers that they might send their stock certificates to the Guaranty Trust Company of New York,

where they would be exchanged for stock in the Shattuck-Denn Mining Corporation share for share, the new certificates to be forwarded from New York to the stockholders. The same notice was sent to the stockholders of the Denn-Arizona Copper Company with a request that they send their stock certificates to the Northern Trust Company of Duluth for exchange. Beyond this there is no showing that respondent had ever done business in this state. Clearly the showing is insufficient. But, even if respondent had done business in Minnesota before the attempted service was made, the court did not acquire jurisdiction unless respondent was doing business at the time of the service. Upon the record before us, the court might well find that at that date all transactions between respondent and its codefendants and their stockholders had been completed. The order indicates that such was the conclusion reached by the court. Under the holding in Louis F. Dow Co. v. First Nat. Bank, supra, that was the test to be applied to determine the validity of the service, hence the order must be and it is affirmed.