## D. W. C. RUFF v. MANHATTAN OIL COMPANY OF DELAWARE.[1]

November 18, 1927.

No. 26,191.

**When Minnesota court obtains jurisdiction of foreign corporation.**

[1] Jurisdiction of a foreign corporation by the courts of this state is obtained when it appears that at the time of the service of process the foreign corporation was doing business within this state in such a manner and to such an extent as to warrant the inference that it was present here, and when service of process was made upon a proper officer of the corporation who was then present in this state and representing and acting for the corporation in its business here, and the court had jurisdiction of the subject matter of the action.

**Service of process in this case sustained.**

[2] Upon the showing and record made in the district court in this case, it is *held* that the service of process here in question comes within the rule stated and is sustained by such record.

Corporations, 14a C. J. p. 1369 n. 83; p. 1372 n. 94, 95, 96, 97, 98, 99, 6; p. 1373 n. 19; p. 1374 n. 35; p. 1382 n. 65; p. 1407 n. 3; p. 1422 n. 63.

Defendant appealed from an order of the district court for Hennepin county, Waite, J., refusing to set aside the service of the summons and complaint. Affirmed.

*Jamison, Stinchfield & Mackall* and *T. P. Helmey,* appearing specially, for appellant.

*Thompson, Hessian & Fletcher,* for respondent.

[1]Reported in 216 N. W. 331.

OLSEN, C.

Appeal by the defendant from an order of the trial court refusing to set aside the service of the summons and complaint.

The defendant, Manhattan Oil Company of Delaware, is a Delaware corporation. It has not been admitted or licensed to do business in this state under our laws relating to foreign corporations. Its principal business office was and is in Kansas City, Missouri. No property belonging to it has been attached or brought within the jurisdiction of the court.

Service of the summons and complaint was made on one J. P. Howe at Minneapolis in this state in September, 1926. Howe was then and is now a resident of the state of Kansas and vice-president of the defendant company. Defendant claims the service so made was invalid on the ground that defendant was not then or at any time doing business in this state, or present in this state in such a manner that the state court could obtain jurisdiction of it, none of its property being seized or impounded in the case. The assignment of error is that the court erred in denying defendant's motion to set aside the service of the summons and complaint.

From the complaint and affidavits presented to the trial court on the hearing of the motion, that court might reasonably have found, in addition to the facts already stated, that the defendant, Manhattan Oil Company of Delaware, on or about April 5, 1924, entered into a contract with one W. M. Jacobson of St. Paul, Minnesota, to acquire, by exchange of stock of the defendant company for stock of the Pyramid Oil Company, at least 55 per cent of the common stock of the Pyramid Oil Company; that the Pyramid Oil Company was a South Dakota corporation, licensed and admitted to do business in Minnesota and doing business only in this state, with its principal business office in Minneapolis; that Jacobson was the president and general manager of the Pyramid Oil Company and made said contract on behalf of the stockholders of his company who should accept such exchange; that the final agreement was consummated at Kansas City, Missouri; that the negotiations leading up to said agreement were conducted on the part of defendant by J. P. Howe, its vice-president, and E. W. Goebel, its

president, with Jacobson at Minneapolis, for some time prior to April 5, 1924; that shortly thereafter defendant acquired a majority of the common stock of the Pyramid Oil Company, pursuant to said agreement; that shortly after it so acquired a majority of the stock of the Pyramid Oil Company the defendant took active control and supervision of the business policies and business of said company in Minnesota and thereafter continued such control and supervision up to the present time; that defendant gave orders to the bookkeeping, traffic and marketing departments of the Pyramid Oil Company; that J. P. Howe was sent by defendant on numerous trips to Minneapolis and there supervised the business of the Pyramid Oil Company for this defendant; that defendant selected and sent to Minneapolis an auditor to audit the books of the Pyramid Oil Company twice a year; that defendant charged and received from the Pyramid Oil Company $350 a month for the expense and services of the men sent by it to Minneapolis to supervise and who did supervise the business of the Pyramid Oil Company; that all of these activities continued and were being carried on at the time of the service of the summons and complaint herein; and that J. P. Howe, at the time of such service, was present in this state on behalf of the defendant and acting for it in the management of the business of the Pyramid Oil Company.

It is true that J. P. Howe was, by the vote of defendant's stock so acquired in the Pyramid Oil Company, elected as a director and vice-president of that company and acted as such during the time in question, and that the actuary sent to Minneapolis by defendant was listed as an employe of the Pyramid Oil Company and received compensation from that company. But it seems apparent that these men, in their work at Minneapolis, acted in a dual capacity and that their principal master was the defendant; that they worked for and under the direction of defendant, and that defendant asked for and received from the Pyramid Oil Company compensation for their expenses and services. The record justifies such conclusions and sustains the decision that at the time of the service of the summons and complaint the defendant was present in and doing business in

this state and was represented by J. P. Howe, its vice-president, and that service was made upon a proper officer of the defendant. It is not sought to sustain the service on the theory that defendant owned the stock of the Pyramid Oil Company or that the Pyramid Oil Company was a subsidiary corporation; or that service could be made upon that company or its officers on the ground that such company was the agent of and doing business for the defendant in this state.

In the case of Cannon Mfg. Co. v. Cudahy Packing Co. 267 U. S. 333, 334, 45 S. Ct. 250, 69 L. ed. 634, the court said:

"The main question for decision is whether, at the time of the service of process, defendant was doing business within the state in such a manner and to such an extent as to warrant the inference that it was present there."

The service in that case was upon a subsidiary corporation as "agent of defendant," and the court held that there was no act of congress authorizing such service and that, the subsidiary corporation being a separate entity and carefully maintained as such, the facts that the defendant owned the entire capital stock of such subsidiary and used such subsidiary as an instrumentality to market Cudahy products within the state did not establish such identity of the two corporations as to make valid the service of process against the defendant upon such subsidiary; and the court could not say that, for the purpose of jurisdiction, the business of the subsidiary became the business of the defendant. The court affirmed the order of the United States district court holding the service invalid.

As to what constitutes doing business in a state so as to subject a foreign corporation to suit therein, no all-embracing rule has been laid down. The statement in the case above cited, that "defendant was doing business within the state in such a manner and to such an extent as to warrant the inference that it was present there," is perhaps as clear and concise as any given. Another statement, found in 14a C. J. p. 1372, is:

"That the foreign corporation must have entered the domestic state for the purpose of carrying on its business there, and that the transaction of business must be such that the corporation is for the time being within the state in which it is sued. * * * The question is one of fact, and it is to be determined largely according to the facts of each individual case rather than by the application of fixed, definite, and precise rules * * * and in the last analysis is one of due process of law under the constitution of the United States." Citing among other cases St. Louis S. W. Ry. Co. v. Alexander, 227 U. S. 218, 33. S. Ct. 245, 57 L. ed. 486; Ann. Cas. 1915B, 77; Pomeroy v. Hocking Valley Ry. Co. 218 N. Y. 530, 113 N. E. 504.

The recent cases of Louis F. Dow Co. v. First National Bank, 153 Minn. 19, 189 N. W. 653, and Paterson v. Shattuck Arizona Copper Co. 169 Minn. 49, 210 N. W. 620, fairly and fully consider the question of jurisdiction of the state courts in suits against foreign corporations. On the facts appearing in those cases, this court held that the corporations attempted to be sued were not present in and doing business in this state at the time service of process was attempted to be made. On the facts appearing in the present case, we come to a different conclusion and hold that the corporation was present in and doing business in this state at the time service of process was made.

The case of Cutler v. Cutler-Hammer Mfg. Co. (D. C.) 266 F. 388, is of interest because, while the facts in that case show greater business activities by defendant than in the present case, one of the facts pointed out is that the manager of the subsidiary corporation was paid for his services by the defendant.

A continuous course of business, as distinguished from a single transaction, conducted by authorized agents within the state, constitutes the doing of business in the state. 14a C. J. p. 1373; International Harvester Co. v. Kentucky, 234 U. S. 579, 34 S. Ct. 944, 58 L. ed. 1479.

In the case of Doctor v. Desmond, 80 N. J. Eq. 77, 78, 82 A. 522, the court said:

"It is equally well settled that when a corporation transacts business in a state other than the state which has chartered it, and sends its officers or agents into such state for that purpose, it must be regarded as voluntarily subjecting itself to the liability of being brought into the courts of such state by the service of process upon such officers or agents so acting for it."

In McCormick v. Southern Express Co. 81 W. Va. 87, 89, 93 S. E. 1048, 1049, it is stated:

"A foreign corporation coming into another state, by its officers or agents, and there engaging in business, thereby subjects itself to the process of the courts of that state."

In the case of Vicksburg, S. & P. Ry. v. DeBow, 148 Ga. 738, 742, 98 S. E. 381, it is stated:

"It is now well settled that a corporation can be found in any jurisdiction where it carries on business through agents resident or located therein and suits may be maintained against it in that jurisdiction, if the laws of the same provide a method of perfecting service upon its agents."

Our statutes, G. S. 1923, § 9231, provide for service upon any officer of a foreign corporation present in this state. In order that such service shall constitute due process, the corporation must of course be doing business in this state so as to be present here at the time service is made.

The rules deduced from the decisions of the Supreme Court of the United States and the decisions of this court are to the effect that service of process on a foreign corporation confers jurisdiction on the state courts when, at the time of the service of process, the foreign corporation was doing business within the state where suit is brought in such a manner and to such an extent as to warrant the inference that it was present in the state, and service is made upon a proper officer or agent of the corporation then present in the state and representing and acting for the corporation in its business in the state, and the court has jurisdiction of the subject matter in the action.

It is our conclusion that, in continuing for some two years to send one of its officers and another employe into this state to supervise and control the business and affairs of the Pyramid Oil Company and charging and receiving compensation for so doing, the defendant corporation was doing business in this state in such a manner and to such an extent as to warrant the inference that it was present and subject to suit here. Service of summons having been made upon a proper officer of the defendant while in this state and engaged in the business so conducted, and in a suit to which the corporation was otherwise liable, defendant became subject to the jurisdiction of the state court.

Order affirmed.