Coös,
June 29, 1933.

FRANCIS J. CAMPBELL

*v.*

UNITED STATES RADIATOR CORPORATION.

*Coulombe & Coulombe* (*Mr. Norman J. Coulombe* orally), for the plaintiff.

*Crawford D. Hening* (by brief and orally), for the defendant.

PEASLEE, C. J. In this action against a foreign corporation, the issue presented is whether the defendant was or had been doing business in this state to such an extent that the state has jurisdiction over it in a suit growing out of the business. The question is one of

federal law. The defendant invokes the protection of the federal constitution, and the problem presented is the extent of that protection as defined and applied by the federal court.

It is conceded by every one that a foreign corporation which goes into a state and there does business in an extensive way thereby submits itself to the jurisdiction. In the language of the cases there must be something of "a continuous course of business." *International Harvester Co.* v. *Kentucky*, 234 U. S. 579, 585. The explanation that thus only can its "actual presence there" be established (*Bank of America* v. *Bank*, 261 U. S. 171), is fairly subject to the criticism that one cannot act unless present, and that presence is as indubitably shown by a single act as by many transactions. But we have no concern with the adequacy or correctness of the reasons given for a rule of federal constitutional law. The reasons assigned may be of importance when the problem is to forecast the probable extension of the rule by the federal court to cover new situations (*Crugley* v. *Railway*, 79 N. H. 276); but in cases clearly within the rule as laid down, it is not the function of the state court to review the adequacy of the supporting logic. *Opinion of the Justices*, post, ——.

It has been determined that the mere solicitation of orders within the state does not bring the corporation within the jurisdiction. *People's Tobacco Company* v. *Company*, 246 U. S. 79; *Green* v. *Railway*, 205 U. S. 530. The rule is apparently the same when, after such solicitation and the filling in another state of an order taken as a result thereof, the corporation sends a representative into the local jurisdiction to attempt a composition of differences with the purchaser. *Moore Dry Goods Company* v. *Company*, 282 Fed. Rep. 21; American Law Institute, Restatement, Conflict of Laws, Final Draft, s. 95, Comment *a*, Illustration 4.

These two facts—solicitation of orders and a visit for negotiation as to a dispute—are all that appear in the present case. As the federal rule is that these alone are not sufficient to confer jurisdiction upon the state court, the motion to dismiss the action should have been granted.

*Exception sustained.*

WOODBURY, J. did not sit: the others concurred.