## C. M. DAHL AND ANOTHER v. HENRY T. COLLETTE AND ANOTHER.
## GARDNER-RICHARDSON COMPANY, APPELLANT.[1]

April 29, 1938.

Nos. 31,564, 31,565.

*Ernest E. Watson* and *C. E. Warner,* for appellant.

*Julian E. Morten* and *Burnett, Bergesen & Haakenstad,* for respondents.

[1]Reported in 279 N. W. 561.

GALLAGHER, CHIEF JUSTICE.

Appeals from orders denying motions of defendant Gardner-Richardson Company, the sole appellant, to set aside the attempted service upon it of the summonses and complaints in these actions.

Appellant is an Ohio corporation whose principal place of business is in Middletown in that state, and is engaged in the manufacture and sale of butter cartons. It is not authorized to do business in this state and has no office here, but is represented by defendant Henry T. Collette, a traveling salesman, who covers a territory embracing this and several other northwestern states. His compensation includes a salary and expenses. Collette has authority to solicit and transmit orders to the home office, but he is without power to contract for the company, to receive payment, or extend credit. Orders solicited must be forwarded to appellant's home office for acceptance or rejection. If accepted, the orders are filled in Ohio and shipped directly to the customer, who makes payment to the Ohio office. Its transactions in this state have been conducted in this manner for more than four years.

For more than three years prior to the commencement of these actions appellant has dealt with the Dairy Supply Company, a jobber in dairy and creamery supplies located in Minneapolis. Appellant filled its orders and shipped them to the parties designated by the jobber, to whom appellant looked for payment. The Dairy Supply Company alone collected from its customers. During this period Collette has called on the Dairy Supply Company several times each year to discuss matters concerning the butter carton business in general and pertaining to the dealings between the jobber and appellant in particular. On these occasions he exhibits new types and styles of butter cartons, adjusts difficulties between the companies, and in general performs those acts and services ordinarily performed by a general sales representative of a manufacturing concern. The home office manager of appellant has twice called at the office of the Dairy Supply Company to discuss business matters.

Collette also attends conventions in this state of dairy and creamery associations as appellant's representative, and displays appellant's products and entertains the delegates of dairy and creamery

546

concerns at appellant's expense. Appellant's home office manager has also attended some of these conventions in furtherance of the business interests of his company.

As compared with the time spent in the rest of his territory, Collette spends but a small portion of his time in this state, but he does return to this state in the interests of appellant's business periodically. As compared with its whole business, it may be, as its officers depose, that appellant does not do a substantial part of its whole business in this state. But shipments of its products to this state are constantly made, and the volume is considerable.

Since the affidavits in support of and in opposition to these motions in some respects conflict, the view favorable to the prevailing party in the trial court has been taken. Massee v. Consumers Hay Co. Inc. 184 Minn. 196, 238 N. W. 327.

Both cases are founded on a collision of an automobile owned and driven by Collette with an automobile driven by Peter C. Dahl. The administrator of the latter's estate brings suit for his wrongful death, and the owner of the automobile driven by decedent seeks to recover for damage to her property. Collette was personally served as defendant with summonses and complaints in these actions, and he was also served personally with summonses and complaints as agent of appellant. The latter states that Collette never informed it of such service.

The questions presented are (1) whether appellant was "doing business" within this state so as to make it amenable to process; and (2) whether defendant Collette was a proper agent for the service of process upon appellant.

When a corporation comes into this state in search of advantages, to hold it answerable in this forum for wrongs suffered by our citizens by reason of its conduct locally is the plainest sort of evenhanded justice. Strom v. Montana Central Ry. Co. 81 Minn. 346, 84 N. W. 46; Archer-Daniels Linseed Co. v. Blue Ridge Despatch, 113 Minn. 367, 129 N. W. 765; W. J. Armstrong Co. v. N. Y. C. & H. R. R. Co. 129 Minn. 104, 151 N. W. 917, L. R. A. 1916E, 232, Ann. Cas. 1916E, 335; Lafayette Ins. Co. v. French, 18 How. 404, 15 L. ed. 451. The means of its accomplishment are provided for

in 2 Mason Minn. St. 1927, § 9231(3): "If the defendant be a foreign corporation the summons may be served by delivering a copy to any of its officers or agents within the state."

A litigant may not, however, hale into court a corporation domiciled elsewhere unless the corporation is found to be present in the jurisdiction. To condemn without hearing is a denial of the due process of law guaranteed by the fourteenth amendment. Opportunity to be heard depends upon notice of pending proceedings. Notice, in an action *in personam,* is afforded by the service of process. And process is effectual as notice within the jurisdiction where adjudication is sought and not otherwise. These things are self-evident. Pennoyer v. Neff, 95 U. S. 714, 24 L. ed. 565; Riverside and D. R. C. Mills v. Menefee, 237 U. S. 189, 35 S. Ct. 579, 59 L. ed. 910.

Voluntary appearance aside, for a personal action against a foreign corporation to be maintained the defendant must be present in the state. Paterson v. Shattuck Arizona Copper Co. 169 Minn. 49, 210 N. W. 620; Gloeser v. Dollar Steamship Lines, Inc. 192 Minn. 376, 256 N. W. 666, 95 A. L. R. 1470; International Harv. Co. v. Kentucky, 234 U. S. 579, 34 S. Ct. 944, 58 L. ed. 1479. And service must be made within the state upon an agent or officer of representative capacity and exercising derivative authority within our limits so that notice to him will be deemed to be notice to the corporation. Mikolas v. Hiram Walker & Sons, 73 Minn. 305, 76 N. W. 36; Wold v. J. B. Colt Co. 102 Minn. 386, 114 N. W. 243; Ruff v. Manhattan Oil Co. 172 Minn. 585, 216 N. W. 331; St. Clair v. Cox, 106 U. S. 350, 1 S. Ct. 354, 27 L. ed. 222; Peterson v. C. R. I. & P. Ry. Co. 205 U. S. 364, 27 S. Ct. 513, 51 L. ed. 841. If either of these canons is infracted due process is withheld. In consequence, whether they have been observed is a federal question, and the decisions of the Supreme Court of the United States are controlling. Callaghan v. Union Pacific R. Co. 148 Minn. 482, 182 N. W. 1004; Philadelphia & R. Ry. Co. v. McKibbin, 243 U. S. 264, 37 S. Ct. 280, 61 L. ed. 710. The case falling within a decision of that tribunal, the judgment of the state court must conform to the precedent established. It is not the function of the latter body "to review the adequacy of the sup-

porting logic" upon which the precedent is based. Campbell v. U. S. Radiator Corp. 86 N. H. 310, 167 A. 558, 559. Nor has it the power to create an aberrant rule. Riverside and D. R. C. Mills v. Menefee, 237 U. S. 189, 35 S. Ct. 579, 59 L. ed. 910.

The test of the presence of a foreign corporation within the confines of the state is the nature of the acts done here under its authority. Lattu v. Ontario & Minnesota Power Co. Ltd. 131 Minn. 162, 154 N. W. 950. If those acts are of such character that the corporation can be said to be doing business here, then it is present. Kendall v. Orange Judd Co. 118 Minn. 1, 136 N. W. 291; Erving v. C. & N. W. Ry. Co. 171 Minn. 87, 214 N. W. 12. A universal definition of the acts permitting such a conclusion has never been attempted. Ruff v. Manhattan Oil Co. 172 Minn. 585, 216 N. W. 331. The only generality to which the Supreme Court of the United States has subscribed is: "The general rule deducible from all our decisions is that the business must be of such nature and character as to warrant the inference that the corporation has subjected itself to the local jurisdiction, and is by its duly authorized officers or agents present within the state or district where service is attempted." People's Tobacco Co. Ltd. v. American Tobacco Co. 246 U. S. 79, 87, 38 S. Ct. 233, 235, 62 L. ed. 587, Ann. Cas. 1918C, 537. It is axiomatic that each question of corporate presence must be decided by the facts of the particular case. St. L. S. W. Ry. Co. v. Alexander, 227 U. S. 218, 33 S. Ct. 245, 57 L. ed. 486, Ann. Cas. 1915B, 77.

While a state may not impose conditions upon the doing of interstate business within its boundaries (International Textbook Co. v. Pigg, 217 U. S. 91, 30 S. Ct. 481, 54 L. ed. 678, 27 L.R.A.(N.S.) 493, 18 Ann. Cas. 1103), the fact that a foreign corporation is doing interstate business will not exempt it from suit in a jurisdiction in which it is present. International Harv. Co. v. Kentucky, 234 U. S. 579, 34 S. Ct. 944, 58 L. ed. 1479; Tauza v. Susquehanna Coal Co. 220 N. Y. 259, 115 N. E. 915. It follows that cases defining what is not doing business according to the meaning of that term as used in statutes imposing conditions precedent upon the doing of business locally avail nothing in determining what is doing business so as to

confer jurisdiction over a foreign corporation in an action against it. Kendall v. Orange Judd Co. 118 Minn. 1, 136 N. W. 291; Atkinson v. U. S. Operating Co. 129 Minn. 232, 152 N. W. 410, L. R. A. 1916E, 241; Erving v. C. & N. W. Ry. Co. 171 Minn. 87, 214 N. W. 12.

Whether or not an agent of the corporation is within the state does not appear to be decisive of the ultimate fact of doing business there. A corporation may be found to be doing business within the state despite the circumstance that no agent is there discoverable. Connecticut Mut. L. Ins. Co. v. Spratley, 172 U. S. 602, 19 S. Ct. 308, 43 L. ed. 569; Commercial Mut. Acc. Co. v. Davis, 213 U. S. 245, 29 S. Ct. 445, 53 L. ed. 782. Or it may be found that the corporation is not present despite the residence of its officers therein. Goldey v. Morning News, 156 U. S. 518, 15 S. Ct. 559, 39 L. ed. 517; Conley v. Mathieson Alkali Works, 190 U. S. 406, 23 S. Ct. 728, 47 L. ed. 1113; Riverside and D. R. C. Mills v. Menefee, *supra*. The presence within our limits of a foreign corporation is not, therefore, to be judged by the acts or scope of authority of the agent served but by the sum of the manifestations of presence, which may reasonably be attributed to appellant, apparent within our territory. Atkinson v. U. S. Operating Co. 129 Minn. 232, 152 N. W. 410, L. R. A. 1916E, 241.

If the transactions undertaken in this state by a corporation domiciled beyond our borders are merely incidental to the business customarily pursued by it, it is not suable here. Louis F. Dow Co. v. First Nat. Bank, 153 Minn. 19, 189 N. W. 653; Green v. C. B. & Q. Ry. Co. 205 U. S. 530, 27 S. Ct. 595, 51 L. ed. 916. Or if its presence is manifested only by casual, sporadic, or isolated exertions of the kind which it ordinarily performs, these indicia of its presence are too equivocal and uncertain to support the inference that it is doing business here. Hunter v. Mutual Reserve L. Ins. Co. 218 U. S. 573, 31 S. Ct. 127, 54 L. ed. 1155, 30 L.R.A.(N.S.) 686; Rosenberg Brothers & Co. Inc. v. Curtis Brown Co. 260 U. S. 516, 43 S. Ct. 170, 67 L. ed. 372; Dorsey v. Anderson, 222 Iowa, 917, 270 N. W. 463. Its transactions must be regular, systematic, and continuous so that a course of business is established. Ruff v. Manhattan Oil

Co. 172 Minn. 585, 216 N. W. 331; Tauza v. Susquehanna Coal Co. 220 N. Y. 259, 115 N. E. 915.

"There must be some continuous dealings in the state of the forum; enough to demand a trial away from its home.

"This last appears to us to be really the controlling consideration, expressed shortly by the word 'presence,' but involving an estimate of the inconveniences which would result from requiring it to defend, where it has been sued. We are to inquire whether the extent and continuity of what it has done in the state in question makes it reasonable to bring it before one of its courts." Hutchinson v. Chase & Gilbert (2 Cir.) 45 F. (2d) 139, 141 (Learned Hand, Judge).

But if the evidence of doing business is otherwise adequate to make a foreign corporation amenable to process, it is a matter of indifferent concern whether or not the quantity of business done within our territory is greater or lesser in amount than the business transacted by it elsewhere. Hagerty v. National Fur & Tanning Co. 137 Minn. 119, 162 N. W. 1068; Pomeroy v. Hocking Valley Ry. Co. 218 N. Y. 530, 113 N. E. 504.

Courts are agreed that solicitation, if the only evidence of the visitation of a foreign corporation, will not warrant a finding that the corporation is doing business so as to be subject to process. North Wisconsin Cattle Co. v. Oregon Short Line R. Co. 105 Minn. 198, 117 N. W. 391; Gamble-Robinson Co. v. Pennsylvania R. Co. 157 Minn. 306, 196 N. W. 266; Abramovich v. Continental Can Co. Inc. 166 Minn. 151, 207 N. W. 201; Gloeser v. Dollar Steamship Lines, Inc. 192 Minn. 376, 256 N. W. 666, 95 A. L. R. 1470; Green v. C. B. & Q. Ry. Co. 205 U. S. 530, 27 S. Ct. 595, 51 L. ed. 916; Minnesota Commercial Men's Assn. v. Benn, 261 U. S. 140, 43 S. Ct. 293, 67 L. ed. 573. This is not to say that solicitation, regularly and systematically conducted, within the jurisdiction is without import in deciding whether the corporation is doing business therein. Its simple meaning is that solicitation alone without other corroborating circumstances is not of sufficient strength to sustain the inference that the corporation is present. Nienhauser v. Robertson Pa-

per Co. 146 Minn. 244, 178 N. W. 504. Solicitation aided by further manifestations of corporate presence no one of which is singly capable of carrying the weight of the inference will warrant the conclusion that it is doing business here. Reynolds v. M. K. & T. Ry. Co. 224 Mass. 379, 113 N. E. 413, affirmed 255 U. S. 565, 41 S. Ct. 446, 65 L. ed. 788.

Solicitation in regular course of business, together with acceptance and performance of the contract within the state, will give ample ground for the conclusion of corporate presence. Jenks v. Royal Baking Powder Co. 131 Minn. 335, 155 N. W. 103; Duluth Log Co. v. Pulpwood Co. 137 Minn. 312, 163 N. W. 520; Massee v. Consumers Hay Co. Inc. 184 Minn. 196, 238 N. W. 327. Or if the solicitation results in a continuous flow of goods into the state and if payment therefor is made within the state, these factors altogether support the inference that the corporation is present doing business. Wheeler v. Boyer Fire Apparatus Co. 63 N. D. 403, 248 N. W. 521; International Harv. Co. v. Kentucky, 234 U. S. 579, 34 S. Ct. 944, 58 L. ed. 1479. It has also been held that if regular and systematic solicitation concurs with a continuous flow of goods into the state the inference is permissible. American Asphalt Roof Corp. v. Shankland, 205 Iowa, 862, 219 N. W. 28, 60 A. L. R. 986; Tauza v. Susquehanna Coal Co. 220 N. Y. 259, 115 N. E. 915; Northfield Iron Co. v. Murphy, 226 Wis. 487, 277 N. W. 168; compare Burnham Mfg. Co. v. Queen Stove Works, 214 Iowa, 112, 241 N. W. 405; contra Dowe v. Debus Mfg. Co. 49 Ga. App. 412, 175 S. E. 676; Tignor v. L. G. Balfour & Co. 167 Va. 58, 187 S. E. 468. Solicitation joined with adjustment of complaints as a part of the ordinary course of business also sustains the inference. Hagerty v. National Fur & Tanning Co. 137 Minn. 119, 162 N. W. 1068; St. L. S. W. Ry. Co. v. Alexander, 227 U. S. 218, 33 S. Ct. 245, 57 L. ed. 486, Ann. Cas. 1915B, 77; American Laundry Machinery Co. v. C. B. & Q. R. Co. 39 Ohio App. 430, 177 N. E. 533. The substance of the cases seems to be that although the rule against the sufficiency of solicitation alone still persists, "it readily yields to slight additions." Hutchinson v. Chase & Gilbert (2 Cir.) 45 F. (2d) 139, 141. See also Malooly v. York Heating & Ventilating Corp. 270 Mich. 240, 258

N. W. 622, appeal dismissed 296 U. S. 533, 56 S. Ct. 92, 80 L. ed. 379, rehearing denied 296 U. S. 662, 56 S. Ct. 166, 80 L. ed. 471.

In the instant case the facts show that there were certain manifestations within the state of the presence of appellant corporation which are in character with its normal business of manufacturing and selling of butter cartons. There was the solicitation of orders, which although not incessant in the sense that it was being conducted here at all times, yet was regular and systematic rather than incidental and haphazard. The volume of its products coming into the state as the direct result of this solicitation, while perhaps inconsiderable in relation to the total of its national business, was nevertheless substantial. The flow of its manufactures into the state appears to have been constant and continuous. The compromise and adjustment of disputes with its customers appears also to have been habitually carried on here. Added to these circumstances is the fact of the maintenance of display and demonstration rooms at conventions attended by present and prospective customers under the management of an officer or agent of appellant. This occurrence is not of great weight, neither is it quite without significance. See Pennsylvania Lumbermen's M. F. Ins. Co. v. Meyer, 197 U. S. 407, 25 S. Ct. 483, 49 L. ed. 810; Atlantic Nat. Bank v. Hupp Motor Car Corp. (Mass.) 10 N. E. (2d) 131.

While it may be admitted that no one of the factors relied upon by respondents to demonstrate the corporate presence within the state of appellant is capable of sustaining that inference, and while the courts in some instances, as has been pointed out, are divided as to the sufficiency of any two of them, we are confident that their cumulative strength is ample to support the conclusion we reach that appellant was doing business and was therefore present within this state at the time service of the summonses and complaints was made on Collette as its agent.

■ Our statute permits service upon any agent of a foreign corporation doing business within this jurisdiction which is of such character that authority to accept service on its behalf may be implied. This requires that the agent served be of such representative capacity that it is reasonably certain that notice to him will be

communicated to his principal. That Collette was such an agent is too well settled to deserve further discussion. American Asphalt Roof Corp. v. Shankland, 205 Iowa, 862, 219 N. W. 28, 60 A. L. R. 986; Northfield Iron Co. v. Murphy, 226 Wis. 487, 277 N. W. 168.

Orders affirmed.