AMERICAN STATES INS.
CO., Plaintiff,

v.

MEXICO FEED AND SEED CO., INC.,
et al., Defendant.

No. 89–2208C(1).

United States District Court,
E.D. Missouri, E.D.

June 25, 1990.

**483**

Jamie Kathryn Lansford, Benson & McKay, Kansas City, Mo., for Covingtons & Mex. Feed & Seed.

Gerri Papushkewych, Wolfson & Papushkewych, Springfield, Ill., for Pierce defts & Giacomini.

## MEMORANDUM

NANGLE, District Judge.

This matter is now before the Court on the motion of Pierce Waste Oil Service, Inc. ("Pierce Waste"), Jack L. Pierce, Martin J. Pierce and Mary Lynn Giacomini[1] to dismiss plaintiff's complaint against them for failure to state a claim upon which relief can be granted and/or for lack of personal jurisdiction. Plaintiff insurance company filed this declaratory judgment action pursuant to 28 U.S.C. § 2201 to determine its rights, duties and obligations under an insurance contract with defendant J.F. Covington d/b/a Mexico Feed and Seed Co., Inc. ("Mexico Feed"). The instant declaratory judgment action was prompted by a lawsuit that the United States filed against Mexico Feed and the Pierce defendants in the Eastern District of Missouri. *United States of America v. Mexico Feed & Seed, et al.*, 729 F.Supp. 1250 (E.D.Mo.1990). The EPA lawsuit alleges that Pierce Waste and Mexico Feed owned or operated waste oil storage tanks on the property of Mexico Feed in Mexico, Missouri. These tanks allegedly contained waste oil contaminated with "PCBs". The United States Environmental Protection Agency (EPA) cleaned up the site, and now seeks to recover response costs from the Pierce defendants and Mexico Feed, jointly and severally. Mexico Feed has filed a crossclaim against the Pierce defendants seeking contribution, and the Pierce defendants have filed a crossclaim against Mexico Feed seeking contribution.

■ Section 2201(a) of Title 28 of the United States Code provides in pertinent part:

William E. James, Wuestling, James & DeVoto, St. Louis, Mo., William Atkinson, Atkinson & Rotts, Columbia, Mo., for plaintiff.

---

1. Pierce Waste, Jack Pierce, Martin Pierce and Mary Lynn Giacomini are referred to herein collectively as the "Pierce defendants".

In a case of *actual controversy* within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

(emphasis added).

Plaintiff acknowledges that this declaratory judgment action involves a dispute regarding an insurance contract to which the Pierce defendants were not parties. Plaintiff, however, states that an actual controversy exists between plaintiff and the Pierce defendants by virtue of the Pierce defendants' crossclaim against Mexico Feed for contribution in the event that the Pierce defendants are found to be liable to the EPA. Plaintiff argues that because plaintiff is Mexico Feed's insurer, any claim against Mexico Feed is, in effect, a claim against plaintiff.

In *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941), the United States Supreme Court held that an actual controversy existed between an insurance company and a third party who had filed suit against the insured in a separate proceeding. The insurance company in *Maryland Casualty* brought a declaratory judgment action to determine its duty to defend and indemnify under a conventional liability policy, after a third party, Orteca, brought a state court action in Ohio against the insured seeking damages for injuries sustained in an automobile collision. The Supreme Court stated that an "actual controversy" exists when under all the circumstances, the facts alleged "show that there is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *Id.* at 273, 61 S.Ct. at 512. The Court noted that an Ohio statute provided Orteca the right to proceed against the insurance company by supplemental process and action in the event that Orteca obtained a final judgment against the insured. The Court reasoned that if Orteca was not included in the declaratory judgment action and the federal court found that the insurer was not obligated under the policy, Orteca would not be bound by the judgment of the federal court. *Id.* at 274, 61 S.Ct. at 512–13. Orteca would then be free to bring a supplemental proceeding in state court against the insurer. Thus, a risk of opposite interpretations of the insurance policy by the federal and state courts would arise. *Id.* Therefore, the Court held that an actual controversy existed between Orteca and the insurer and that Orteca was, therefore, an appropriate party in the declaratory judgment action. *Id.*

The case at bar is indistinguishable from *Maryland Casualty.* By virtue of their crossclaim against Mexico Feed, the Pierce defendants are seeking judgment against the insured in an action which the insured claims is covered by its policy with plaintiff. In the event that the Pierce defendants succeed on their crossclaim against Mexico Feed, the Pierce defendants may proceed against plaintiff by supplemental process pursuant to § 379.200 Mo.Rev.Stat. Thus, the instant action involves the same risk of opposite interpretations of the insurance policy between state and federal courts that existed in *Maryland Casualty.* Therefore, this Court concludes that an actual controversy exists between plaintiff and the Pierce defendants and that plaintiff's complaint states a cause of action against the Pierce defendants. Accordingly, the Pierce defendants' motion to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P. will be denied.

■ The Pierce defendants' motion to dismiss for lack of personal jurisdiction must likewise be denied. The Pierce defendants do not dispute that Pierce Waste has recovered waste oil in Missouri for thirty years. Nor do they deny that Jack Pierce and/or Pierce Waste entered a contract to lease the Mexico, Missouri, property that is the subject of the EPA action and that they stored waste oil on the Mexico, Missouri, site at least as late as 1976. Thus, they

admit that they have "transacted business", made a contract and used and possessed real estate in Missouri within the meaning of the Missouri long-arm statute. Mo.Rev.Stat. § 506.500 (1986). The Pierce defendants simply argue that the case at bar did not "arise from" these Missouri activities. This argument is untenable. Although it is true that plaintiff's claims with respect to Mexico Feed are based on a contract of insurance to which the Pierce defendants were not parties, the Pierce defendants have been included in this declaratory action *solely* on the basis of their activities within the state of Missouri. Furthermore, the exercise of personal jurisdiction over said defendants in this case will not violate the due process clause of the Fourteenth Amendment. The Pierce defendants have transacted business in Missouri over a significant period of time. Given the interplay between these activities and the case at bar, *see Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984), this Court cannot conclude that the Pierce defendants should not have reasonably anticipated being haled into court in the State of Missouri. *See World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). Rather, they have purposefully directed commercial efforts toward residents of the State of Missouri, and it is these commercial efforts that have led to their inclusion in the instant cause of action. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479, 105 S.Ct. at 2174, 2185, 85 L.Ed.2d 528 (1995).

Accordingly, and for the foregoing reasons, the Pierce defendants' motion to dismiss will be denied.