**NATIONAL INDEMNITY COMPANY, et al., Plaintiffs,**

v.

**PIERCE WASTE OIL SERVICE, INC., et al., Defendants.**

No. 89–1706C(1).

United States District Court, E.D. Missouri.

June 25, 1990.

William James, Wuestling, James & DeVoto, St. Louis, Mo., for Western Casualty.

David Morgans, Mary Sliwinski, Williams & Montgomery, Chicago, Ill., Kenneth Leeds, Portman, Edwards, Cooper & Singer, Clayton, Mo., for Nat. Indemnity and Nat. Fire.

Gerri Papushkewych, Wolfson & Papushkewych, Springfield, Ill., for Martin Pierce.

Arthur Benson II, Jamie Kathryn Lansford, Benson & McKay, Kansas City, Mo., for Covingtons and Mex. Feed & Seed.

## MEMORANDUM

NANGLE, District Judge.

Plaintiffs, an insurance company and its affiliates, originally brought this declaratory judgment action under 28 U.S.C. §§ 2201 and 2202 against Pierce Waste Oil Service, Inc. ("Pierce Waste") and Pierce Waste's directors, Jack Pierce, Martin Pierce and Mary Lynn Giacomini[1]. Plaintiffs seek a declaration of their rights and obligations under Manufacturers and Contractors liability insurance policies issued to the Pierce defendants. The Pierce defendants filed a motion to dismiss for lack of personal jurisdiction and a motion to

---

1. Pierce Waste, Jack Pierce, Martin Pierce and Mary Lynn Giacomini are referred to collective- ly herein as the "Pierce defendants".

dismiss or for change of venue. Subsequently, plaintiffs filed an amended complaint adding Mexico Feed and Seed Company, Inc., and its shareholders ("Mexico Feed") as defendants. Thereafter, the Pierce defendants moved to strike plaintiffs' amended complaint. This matter is now before the Court on the Pierce defendants' motions challenging personal jurisdiction, venue and the propriety of plaintiffs' amended complaint. Because, however, this Court concludes herein that the Missouri long-arm statute does not provide personal jurisdiction, this memorandum will only address the Pierce defendants' motion to dismiss for lack of personal jurisdiction.

Plaintiff insurance companies are Nebraska and Kansas corporations. Defendants Jack Pierce, Martin Pierce and Mary Lynn Giacomini are all citizens of Illinois. Defendant Pierce Waste is qualified to do business in Illinois and, until its dissolution in 1984, had its principal place of business in Illinois. Because the Pierce defendants are not residents of Missouri, plaintiffs must rely on Missouri's long-arm statute to establish personal jurisdiction over them.

In passing on a motion to dismiss for lack of personal jurisdiction in a diversity action, the Court must determine, first, whether there is personal jurisdiction over the nonresident defendant under the state long-arm statute and, second, whether the exercise of personal jurisdiction over defendant would violate the due process clause of the Fourteenth Amendment. *Precision Construction Co. v. J.A. Slattery Co.,* 765 F.2d 114, 115 (8th Cir.1985). The party seeking to invoke federal jurisdiction has the burden of establishing that jurisdiction exists. *Mountaire Feeds, Inc. v. Agro Impex, S.A.,* 677 F.2d 651, 653 (8th Cir.1982).

As to the first inquiry, the Missouri long-arm statute provides in pertinent part:

1. Any person or firm, ... or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits ... to the jurisdiction of courts of this state as to any cause of action arising from the doing of any such acts:

(1) The transaction of any business within this state;

(2) The making of any contract within this state;

(3) The commission of a tortious act within this state;

(4) The ownership, use, or possession of any real estate situated in this state;

(5) The contracting to insure any person, property or risk located within this state at the time of contracting;

(6) Engaging in an act of sexual intercourse within this state with the mother of a child on or near the probable period of conception of that child.

2. ....

3. Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction over him is based upon this section.

Mo.Rev.Stat. § 506.500 (1986).

With respect to the second inquiry, the due process clause of the Fourteenth Amendment requires that a non-resident defendant have certain minimum contacts with the forum state such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); *accord World Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980). "In judging minimum contacts, a court properly focuses on 'the relationship among the defendant, the forum, and the litigation'." *Calder v. Helicopteros Nacionales de Colombia S.A. v. Hall,* 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984). The defendant's contacts with the forum state must be purposeful and such that defendant "should reasonably anticipate being haled into court there". *World Wide Volkswagen,* 444 U.S. at 297, 100 S.Ct. at 567.

Plaintiffs seek, through this action, to determine their rights and obligations under insurance policies issued to the Pierce defendants. The Pierce defendants represent, and plaintiffs do not dispute, that these policies were issued in Illinois, to

Illinois residents, through Illinois insurance agencies. Plaintiffs also do not dispute that all of defendants' activities in connection with the issuance of said policies, including defendants' making a claim under the policy, occurred in Illinois. It is also true, however, that this action was precipitated by the Pierce defendants' making a claim under the insurance policy for plaintiffs to defend and indemnify them with respect to a lawsuit that the United States filed against the Pierce defendants in the Eastern District of Missouri. *United States of America v. Mexico Feed & Seed, et al.*, 729 F.Supp. 1250 (E.D.Mo.1990). Said lawsuit alleges that Pierce Waste and Mexico Feed owned or operated waste oil storage tanks on the property of Mexico Feed in Mexico, Missouri. These tanks allegedly contained waste oil contaminated with "PCBs". The United States Environmental Protection Agency cleaned up the site, and now seeks to recover response costs from Pierce Waste and Mexico Feed. Plaintiffs in the case at bar represent, and defendants do not dispute, that Pierce Waste has recovered Waste Oil in eastern Missouri for 30 years and in the Mexico, Missouri area for approximately 15 years. Defendants also do not dispute that Jack Pierce entered a lease for the Mexico, Missouri property in 1967 and that Pierce Waste stored oil on this property at least until 1976.

Plaintiffs argue that personal jurisdiction exists under the Missouri statute due to (1) defendants' transaction of business in Missouri; (2) defendants' making of a contract in Missouri; and (3) defendants' use and possession of real estate in Missouri. No question exists but that defendants have transacted business, entered contracts and possessed real estate in Missouri. For the Missouri long-arm to reach a non-resident defendant, however, some "nexus" must exist between a plaintiff's cause of action and the defendant's actions within the forum.[2] *Fairbanks Morse Pump Corp., v. Abba Parts, Inc.*, 862 F.2d 717, 719 (8th Cir.1988). This requirement is imposed by the Missouri long-arm statute itself, which only provides jurisdiction for "causes of action arising from the acts enumerated" in that statute. Mo.Rev.Stat. § 506.500.3. The reach of the long-arm statute and, therefore, the meaning of this provision, is a question of state law. *Scullin Steel v. National Ry. Utilization Corp.*, 676 F.2d 309, 311 (8th Cir.1982). The cases interpreting this provision, however, provide no definitive meaning of the term "arising from". Courts have stated that the non-resident's activities must "give rise to the cause of action asserted in the litigation." *Id.* at 312. In addition, if a nonresident is alleged to have "transacted business" in Missouri within the meaning of the long-arm, such activity must be "directly or indirectly related to the transaction in question". *Id.* Furthermore, an examination of the cases indicates that when personal jurisdiction is found to exist, the defendant's actions within Missouri have created, led to or contributed to the creation of some right or liability that forms the basis of plaintiff's cause of action. *See e.g., Watlow Electric Mfg. Co. v. Patch Rubber Co.*, 838 F.2d 999 (8th Cir.1988) (Plaintiff filed suit for money owed under contract. Defendant's representative met with plaintiff in Missouri regarding contract at issue. Therefore, contract claim "arose from" transaction of business in Missouri.); *Charles Schmitt and Co. v. Gran Prix Auto Wholesalers, Inc.*, 616 F.Supp. 1191 (E.D.Mo.1985) (Plaintiff brought action regarding sale of car. Defendant sold and shipped cars to Missouri dealer on regular basis. All aspects of sale of car in question, including delivery, however, occurred in New York. Therefore, claim *did not* "arise from" transaction of business in Missouri.); *Aluminum Housewares Co., Inc., v. Chip Clip Corp.*, 609 F.Supp. 358 (E.D.Mo.1984) (Plaintiff brought declaratory judgment action alleging patent infringement. Defendant sold products with contested patents in Missouri for six months. Patent claims "arose

2. When a corporation is actually conducting business within a state, it may be subject to personal jurisdiction in litigation not arising from the business transacted. *State ex rel.* *Caine v. Richardson*, 600 S.W.2d 82, 84 (Mo. App.1980). Plaintiffs, however, do not allege that defendants were, in fact, "conducting business" in Missouri.

from" transaction of business in Missouri.); *American Hoechst Corp. v. Bandy Laboratories, Inc.,* 332 F.Supp. 241 (W.D.Mo. 1970) (Plaintiff brought contract action. Defendant attended business conference in Missouri that was preliminary to contract in question. Contract claims "arose from" transaction of business in Missouri.); *State ex rel. Caine v. Richardson,* 600 S.W.2d 82 (Mo.App.1980) (Plaintiff brought strict liability action against manufacturer. Element of tort of strict liability is marketing of product. The product in question was marketed in Missouri. Therefore, claim "arose from" activities in Missouri).

In the case at bar it is somewhat more difficult to identify plaintiff's "cause of action" because this is an action for declaratory judgment. Plaintiffs do not claim that defendants have breached their agreement or that some tort was committed, giving rise to liability. Rather, the purpose of this action is to clarify the parties' respective rights and obligations under their contract to *avoid* a breach. Plaintiffs' "cause of action", then, concerns the parameters of their contractual relationship with the Pierce defendants. The parties' contract defines the parameters of this relationship by setting forth their respective rights and establishing the scope of plaintiffs' potential liability. Neither defendants' contracting to lease property in Missouri, nor defendants' transaction of business or possession of real estate in Missouri created additional rights or enlarged the scope of plaintiffs' potential liability.[3] These activities may have *prompted* plaintiffs to seek this declaratory judgment, but they did not give rise to the rights at issue in this case. On the contrary, the parties'

respective rights and the universe of plaintiffs' liability were established when they entered into a contract for insurance in Illinois.[4] Because any subsequent activities by defendants in Missouri could in no way enlarge the parties' contractual rights or the defined realm of plaintiffs' liability, this cause of action could not have arisen in Missouri.

Therefore, because this cause of action arises from acts occurring exclusively in Illinois, the Missouri long-arm does not provide personal jurisdiction over the Pierce defendants with respect to this declaratory judgment action. Accordingly, the Pierce defendants' motion to dismiss for lack of personal jurisdiction will be granted. In addition, because no controversy can even arguably exist between plaintiffs and Mexico Feed in the absence of the Pierce defendants, plaintiffs' remaining claims against Mexico Feed will be dismissed without prejudice.

---

**3.** Among the "enumerated acts" set forth in the Missouri long-arm is "the contracting to insure any person, property or risk located within this state at the time of contracting". Of all the acts set forth in the statute, this provision would seem to be the most applicable to the case at bar. Plaintiffs, however, do not rely on this provision to establish personal jurisdiction. This Court can only assume that plaintiffs do not rely on this provision because they do not read the insurance contract to provide coverage for property or risks located in the State of Missouri. Indeed, whether Missouri risks and property are covered is the fundamental issue in this case.

**4.** Even if, during the course of this litigation, defendants' Missouri activities are found to fall within the area of risks set forth in the parties' contract, defendants have not yet been adjudged liable for their Missouri activities. Absent a finding of liability against the Pierce defendants, plaintiffs cannot be called upon to indemnify defendants under the insurance policy. Thus, the only issues with respect to liability that this lawsuit seeks to resolve or can resolve are questions of *potential* liability. Questions of potential liability can only be answered by reference to the parties' contract.