806 F.Supp. 832 (1992)
UNITED STATES FIDELITY & GUARANTY COMPANY, Plaintiff,
v.
PIERCE WASTE OIL SERVICE, INC., et al., Defendants.
No. N90-137-C-7.
United States District Court, E.D. Missouri, N.D.
September 15, 1992.
Brown & James, Jeffrey L. Cramer, St. Louis, Mo., for plaintiff.
*833 Wolfson & Papushkewych, Gerri Papushkewych, Springfield, Ill., for defendants.
Jamie Kathryn Lansford, Kansas City, Mo., for Mexico Feed and Seed.
David E. Morgans, Mary A. Sliwinski, Chicago, Ill., Preston E. Roskin, Kenneth A. Leeds, Clayton, Mo., for defendant National Indem. Co.

ORDER AND MEMORANDUM
HAMILTON, District Judge.
This matter is before the Court pursuant to Motions to Dismiss Plaintiff's First Amended Complaint for Lack of Personal Jurisdiction and for Lack of Venue, filed by Defendants Pierce Waste Oil Service, Inc. (Pierce Waste), Jack L. Pierce, Martin J. Pierce and Mary Lynn Giacomini (hereinafter the "Pierce defendants") and a Motion to Dismiss filed by Defendant the United States of America.

Background
This is a declaratory judgment action in which Plaintiff United States Fidelity & Guaranty Company (USF & G) seeks a determination of its obligations to the Pierce defendants under insurance policies issued to Pierce Waste and, under certain provisions, to the individual Pierce defendants. Pierce Waste was a Delaware corporation until its dissolution in 1984. The corporation's principal place of business was in Springfield, Illinois. Jack Pierce, Martin Pierce and Mary Lynn Giacomini were directors of Pierce Waste. They are all Illinois residents.
Pierce Waste leased property in Mexico, Missouri from the Mexico Feed & Seed Company (Mexico Feed). Pierce Waste stored waste oil in storage tanks located on the leased property. On February 26, 1987, the United States filed an action against the Pierce defendants and Mexico Feed alleging that the oil stored in those tanks was contaminated with polychlorinated biphenyls (PCBs), a hazardous substance. The United States further alleged that, upon Pierce Waste and Mexico's failure to comply with an administrative order requiring remedial action, the Environmental Protection Agency (EPA) incurred costs of approximately $825,000 to clean up the site. The government sought reimbursement of its clean-up costs pursuant to Section 107(a) of the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), 42 U.S.C. § 9607(a) and punitive damages under Section 107(c)(3) of CERCLA, 42 U.S.C. § 9607(c)(3). Mexico Feed, James Covington and Mary Covington filed a cross-claim against the Pierce defendants for contribution in the event of a judgment against Mexico Feed. The Pierce defendants filed a similar cross-claim against Mexico Feed. On May 16, 1991, the Court entered judgment in favor of the United States against Pierce Waste, Jack Pierce and Moreco Energy, Inc. (a successor corporation of Pierce Waste) in the amount of $1,024,321.79 and in favor of Mexico Feed against the same defendants in the amount of $36,500.00. United States of America v. Mexico Feed & Seed Co. 764 F.Supp. 565 (E.D.Mo.1991).
USF & G defended Pierce Waste in the CERCLA litigation. However, USF & G now contends that the damages assessed against the Pierce defendants are not covered by defendants' insurance policy. In anticipation of "imminent and inevitable litigation" on this issue, USF & G seeks a determination of its obligations under the insurance contract.

The Pierce Defendants' Motion to Dismiss
In their Motion to Dismiss, the Pierce defendants contend that they are not subject to the personal jurisdiction of this Court for the purposes of this lawsuit. Defendants argue that this action arises out of the insurance policy issued by USF & G to the Pierce defendants. The insurance policy was issued in Illinois by Illinois insurance agencies, the defendants were Illinois residents at the time the policy was issued and they made all premium payments to the Illinois insurance agencies. Because the Missouri long-arm statute only authorizes personal jurisdiction over nonresident defendants for causes of action arising out of their in-state activities[1], defendants *834 conclude that they must be dismissed from this action.
In support of their motion, Defendants cite National Indemnity Co. v. Pierce Waste Oil Service, Inc., 740 F.Supp. 721 (E.D.Mo.1990). In National Indemnity, Judge Nangle dismissed an insurance company's declaratory judgment action against the same Pierce defendants. Like the plaintiff in this action, National Indemnity sought a ruling that insurance policies it issued to the Pierce defendants did not obligate National Indemnity to indemnify defendants for clean-up costs imposed pursuant to CERCLA. All activities in connection with that policy also took place in Illinois. The Court found that the declaratory judgment action arose out of the contractual relationship between National Indemnity and the Pierce defendants and that none of defendants' Missouri activities affected the parameters of that relationship. The Court held that the Plaintiff's cause of action did not arise out of defendants' Missouri contacts and therefore the Missouri long-arm statute did not authorize the Court to assert personal jurisdiction over defendants for the purpose of adjudicating the terms of their insurance policy.
Plaintiff notes that on the same day that the Court dismissed National Indemnity's claims against the Pierce defendants for lack of personal jurisdiction it also asserted personal jurisdiction over the identical Pierce defendants in American States Insurance Co. v. Mexico Feed & Seed Co., 739 F.Supp. 482 (E.D.Mo.1990). The American States court found that the cause of action alleged in that case did arise out of defendants' Missouri activities. Plaintiff offers two reasons in support of its contention that the subject matter of this lawsuit also arises out of defendants' Missouri contacts. First, Plaintiff notes that Missouri is the location of the risk insured by the policy issued by USF & G. Second, the lawsuit that created the liability at issue in this declaratory judgment action was litigated in the United States District Court for the Eastern District of Missouri.
The Plaintiff in American States was the insurer of James F. Covington d/b/a Mexico Feed. American States Insurance Co. brought a declaratory judgment action to determine its obligations to Mexico Feed in light of the judgment in United States of America v. Mexico Feed and Seed Co. The Pierce defendants were parties to that action because their cross-claim against Mexico Seed was then pending. American States reasoned that a claim against its insured was in effect a claim against it and therefore a controversy existed between American States and the Pierce defendants. The Court held that under those circumstances, the Pierce defendants were "included in [the] declaratory judgment action solely on the basis of their activities with the state of Missouri." American States at 485. American States is distinguishable from National Indemnity because the contribution cross-claim that was the basis for bringing the Pierce defendants into American States arose directly out of defendants' Missouri contacts.
In the case at bar, the insurance contract at issue was provided by USF & G to the Pierce defendants. The only matters to be determined in this particular lawsuit are the obligations of USF & G under the terms of the insurance contract. As the Court noted in National Indemnity, none of the defendants' activities in Missouri will affect the scope of those obligations. Therefore, this action does not arise out of defendants' Missouri activities. The Pierce defendants' Motion to Dismiss for Lack of Personal Jurisdiction is granted.

United States' Motion to Dismiss
Defendant United States moves to dismiss claims against it on two grounds. First, the United States contends that there has been no statutory waiver of sovereign immunity authorizing USF & G to name the United States as a party defendant in this lawsuit. Second, the government claims that the Plaintiff's complaint does *835 not state a claim or seek any relief against the United States. The Court finds that the United States has not waived sovereign immunity with respect to the matters at issue in this litigation and therefore does not address the government's second argument.
Plaintiff maintains that 28 U.S.C. § 2410 constitutes a waiver of sovereign immunity for the purposes of this action. In 28 U.S.C. § 2410 Congress waived sovereign immunity for, inter alia:
any civil action or suit ... to quiet title to ... real or personal property on which the United States has or claims a mortgage or other lien.
Id. Plaintiff contends that this declaratory judgment action is "equivalent to a quiet title action" and therefore the waiver of 28 U.S.C. § 2410 permits USF & G's action against the government.
Plaintiff conspicuously fails to cite any authority for the proposition that an action to determine an insured's rights under a liability insurance policy is "equivalent to" a quiet title action. The subject matter of this lawsuit is an insurance contract between USF & G and the Pierce defendants. The United States is not a party to the contract, nor does it have a lien on any possible insurance proceeds.
The United States cannot be sued absent a waiver of sovereign immunity. United States v. Mitchell, 463 U.S. 206, 212, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983). Waivers of sovereign immunity must be strictly construed in favor of the United States. Library of Congress v. Shaw, 478 U.S. 310, 318, 106 S.Ct. 2957, 2963, 92 L.Ed.2d 250 (1986). Under this standard, it is impossible to accept Plaintiff's suggestion that Congress waived the government's sovereign immunity when it enacted the explicit and limited provisions of 28 U.S.C. § 2410. Therefore, Defendant the United States' Motion to Dismiss is granted.

Remaining Defendants
Plaintiff has also named National Indemnity Company, Mexico Feed and Seed Company, Inc., and James Covington as defendants in this action. The claims asserted against these defendants are all derivative of the claims asserted against the Pierce defendants. These derivative claims standing alone do not create a case or controversy which this Court can resolve. Therefore Plaintiff's claims against the remaining defendants are dismissed.
IT IS HEREBY ORDERED that the Pierce Defendants' Motion to Dismiss for Lack of Personal Jurisdiction is GRANTED.
IT IS FURTHER ORDERED that the Pierce Defendants' Motion to Dismiss for Lack of Venue is DENIED as moot.
IT IS FURTHER ORDERED that the United States of America's Motion to Dismiss is GRANTED.
IT IS FURTHER ORDERED that Plaintiff's claims are DISMISSED.
NOTES
[1] Missouri law authorizes long arm jurisdiction over nonresident defendants who perform certain enumerated acts within the state of Missouri. Mo.Rev.Stat. § 506.500. "Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction is based upon this statute." Id.