JEANETTE DORSEY, Appellee, v. E. A. ANDERSON, Defendant, Appellee, MONUMENTAL SALES & MANUFACTURING COMPANY, Defendant, Appellant.

No. 43666.

DECEMBER 15, 1936.

Bradshaw, Fowler, Proctor & Fairgrave, for appellee Jeanette Dorsey.

J. Earl Gritton, for appellee, E. A. Anderson.

Stipp, Perry, Bannister & Starzinger, for appellant, Monumental Sales & Manufacturing Company.

MITCHELL, J.—On May 8, 1935, Florence Whiting and Jeanette Dorsey were riding as guests of S. P. Whiting, when his automobile collided with a car driven by E. A. Anderson. As a result of the collision both of these ladies sustained injuries, on account of which each brought separate action against E. A. Anderson and the Monumental Sales & Manufacturing Company. The action against the Monumental Sales & Manufacturing Company in each case is predicated upon the allegation that "E. A. Anderson was the employee of that company, and was driving his car in the course of his employment and in the conduct of the business of said defendant, Monumental Sales & Manufacturing Company." Jurisdiction over Monumental Sales & Manufacturing Company was attempted by service of original notice on E. A. Anderson. On the 14th day of March, 1936, orders of default were entered against the defendant, E. A. Anderson, and on the 30th day of March, 1936, default judgments were entered against E. A. Anderson and the company. On April 14, 1936, the Monumental Sales & Manufacturing Company filed its special appearance for the purpose only of challenging the jurisdiction of the court, and its verified motion to vacate the judgment, to quash return of service of original notice and to dismiss petition. On the 16th day of April, 1936, E. A. Anderson filed a motion to set aside judgment, on the grounds of a misunderstanding between himself and his attorney. A hearing was held upon the motion and evidence was offered. The lower court entered an order in each case, vacating the judgment against the Monumental Sales & Manufacturing Company, overruling the special appearance of that company, and giving it ten days in which to plead. An order was also entered, vacating the judgment against defendant Anderson, and shortly thereafter Anderson filed answer. The Monumental Sales & Manufacturing Company, appearing specially, appealed from said order overruling its special appearance and overruling its motion to quash return of service of original notice and to dismiss petition.

It thus appears that the sole question for this court to decide is whether in this cause the lower court acquired jurisdiction of and over Monumental Sales & Manufacturing Company by service of original notice upon E. A. Anderson.

On the question of jurisdiction of a foreign corporation each case must be decided largely according to its particular facts. It is therefore necessary for us to turn to the record to ascertain the facts. Fortunately in this case they are not in dispute.

The Monumental Sales & Manufacturing Company is a South Dakota corporation, engaged in the manufacture of grave memorials, with its principal and sole place of business in Saint Cloud, Minnesota. It was never permitted or licensed to transact business in Iowa, and had no branch office or place of business in Iowa. It owned no property in Iowa. E. A. Anderson for a period of some sixteen years had been and was a motorman for the Des Moines Street Railway. At times, when his regular employment did not demand his services and when he saw fit he would solicit orders for grave memorials. He had no regular time for doing this and only did it when the desire prompted him. If he secured an order he mailed it to the appellant corporation at Saint Cloud, Minnesota, and it either accepted or rejected the order, as it saw fit. If it accepted the order, it manufactured the memorial and shipped it to Anderson at the town designated in the order. Anderson paid the freight, and at his own cost and expense had the memorial trucked to the cemetery the purchaser designated and there erected. The corporation then drew a sight draft on the purchaser, and the local bank remitted to the appellant at Saint Cloud, Minnesota. There was then deducted from such remittance the wholesale manufacturing cost and the balance was sent by check to Anderson at Des Moines. Out of this Anderson had to look for reimbursement. He received no salary, bonus or other reward from the corporation. He drove his own automobile, at his own expense.

On the afternoon on which the accident occurred Anderson was off duty as street-car motorman, and he took his own automobile and went riding with a friend. At the time of the accident he was on his way to a dinner engagement. He was not then soliciting and at no time on that afternoon had he solicited, business for the Monument Company.

In the case of Burnham Mfg. Company v. Queen Stove Works, reported in 214 Iowa 112, at pages 113, 114, 241 N. W. 405, 406, Justice Stevens, speaking for the court, said:

"The rule for determining whether a foreign corporation is doing business in another state than that of its incorporation

has been many times stated by the Supreme Court of the United States. In People's Tobacco Co. v. American Tobacco Co., 246 U. S. 79, 38 S. Ct. 233, 235, 62 L. Ed. 587, Ann. Cas. 1918C, 537, it is said:

" 'The general rule deducible from all our decisions is that the business must be of such nature and character as to warrant the inference that the corporation has subjected itself to the local jurisdiction, and is by its duly authorized officers or agents present within the state or district where service is attempted.'

"No officer or stockholder of appellant corporation has ever transacted any business for it in this state. No counter-affidavits were filed, and we must accept the recitals of the several affidavits attached to the motion to quash the service as true.

"We pointed out in American Asphalt Roofing Co. v. Shankland, supra, that, under the authorities, the mere solicitation of orders in behalf of a non-resident corporation does not constitute doing business in another state. Eastman Kodak Co. v. Southern Photo Materials Co., 273 U. S. 359, 47 S. Ct. 400, 71 L. Ed. 684; James-Dickinson Farm Mortgage Co. v. Harry, 273 U. S. 119, 47 S. Ct. 308, 71 L. Ed. 569; Cannon Mfg. Co. v. Cudahy Packing Co., 267 U. S. 333, 45 S. Ct. 250, 69 L. Ed 634; Monographic Note, 60 A. L. R. 1031. See also Bank of America v. Whitney Central Bank, 261 U. S. 171, 43 S. Ct. 311, 67 L. Ed. 594; Stewart v. Heisler (D. C.) 32 Fed. (2d) 519. The Supreme Court refused, on petition for writ of error, to take jurisdiction of the case last cited. Stewart v. Nebraska Tire & Rubber Co., 282 U. S. 840, 51 S. Ct. 21, 75 L. Ed. 746.

"What is said in American Asphalt Corporation v. Shankland, supra, sufficiently distinguishes that case from the one before us. As has been frequently said by the United States supreme court and other federal and state courts, each case must be determined upon the facts peculiar thereto. The certain and definite rule established by the supreme court of the United States that the mere solicitation of orders by a foreign corporation in another state does not alone and of itself constitute doing business in such state within the purview of the rule stated is applicable to this case."

The record in this case clearly shows that the Monumental Sales & Manufacturing Company, a foreign corporation, had done nothing to subject itself to the local jurisdiction. Whether

Anderson is deemed an agent or an independent contractor, his mere occasional solicitation of orders for grave memorials would not be doing business in Iowa within the meaning of the decisions of the United States Supreme Court, necessarily recognized and followed by this court.

Since the Monumental Sales & Manufacturing Company by its acts had not submitted to the local jurisdiction, the attempted service upon E. A. Anderson was void, and the lower court should have sustained the motion of the Monumental Sales · & Manufacturing Company to quash the return of service of original notice and dismissed the petition. Judgment is accordingly reversed.—Reversed.

PARSONS, C. J., and all Justices, concur.