**ALL TECH INC., Appellant,**

v.

**POWER PRODUCTS COMPANY, INC., Appellee.**

No. 96–1533.

Court of Appeals of Iowa.

April 24, 1998.

---

Kolleen K. Samek, Des Moines, for appellant.

Jerrold Wanek and David A. Morse of Garten & Wanek, Des Moines, and Teena P. Dunn of Lytle Soule & Curlee, P.C., Oklahoma City, Oklahoma, for appellee.

Considered by SACKETT, P.J., and VOGEL and MAHAN, JJ.

VOGEL, Judge.

All Tech, Inc. appeals the district court order dismissing its petition against Power Products, Inc. for lack of personal jurisdiction. As substantial evidence supported a lack of minimum contacts with the State of Iowa, we affirm.

*Background facts.* All Tech, Inc. is an Iowa Corporation, and Dennis Friesen is its registered agent. Friesen, through a third party, contacted Power Products, Inc., an Oklahoma corporation which sells rebuilt power units or engines, to purchase a power unit. Various communications took place before the sale of this unit was completed.

While in Oklahoma, Friesen viewed two different units at Power Products, and continued sale discussions. A verbal agreement was made to purchase a unit. The unit was shipped via an independent shipper and received by All Tech in Iowa in April of 1995. Nearly one year later, the unit failed and Friesen discovered that the serial number on the unit was not the same as the one he was provided on the invoice.

All Tech brought suit against Power Products in Iowa. The district court granted Power Products' motion to dismiss for lack of personal jurisdiction. All Tech appeals this ruling.

■ *Scope of review.* When reviewing a ruling on a motion to dismiss for lack of personal jurisdiction, the trial court's findings of fact have the effect of a jury verdict and are subject to challenge only if not supported by substantial evidence in the record, but we are not bound by the trial court's application of legal principles or its conclusions of law. *Hagan v. Val–Hi, Inc.,* 484 N.W.2d 173, 175 (Iowa 1992).

■ *Personal jurisdiction.* We first determine whether jurisdiction over a defendant is authorized by statute under Iowa law, and then determine whether there were sufficient minimum contacts consonant with due process to assert jurisdiction over the non-

resident defendant.[1] *See OmniLingua, Inc. v. Great Golf Resorts of World, Inc.,* 500 N.W.2d 721, 723 (Iowa App.1993).

*A. Iowa statute.* All Tech bases its claim of personal jurisdiction in Iowa on Iowa Code section 617.3 (1995). This section provides in relevant part:

> If a foreign corporation makes a contract with a resident of Iowa to be performed in whole or in part by either party in Iowa, or if such foreign corporation commits a tort in whole or in part in Iowa against a resident of Iowa, such acts shall be deemed to be doing business in Iowa by such foreign corporation for the purpose of service of process or original notice on such foreign corporation under this section.

*Id.* We find, as did the district court, All Tech has satisfied the statutory requirements for jurisdiction through meeting its burden for contractual claims pursuant to section 617.3. However, we also look to the minimum contacts analysis.

*B. Minimum contacts.* For Iowa to assert personal jurisdiction over Power Products, Power Products must have had "certain minimum contacts with [Iowa] such that maintenance of the suit [in Iowa] does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe v. Washington,* 326 U.S. 310, 316–17, 66 S.Ct. 154, 158–59, 90 L.Ed. 95, 102–03 (1945); *Meyers v. Kallestead,* 476 N.W.2d 65, 67 (Iowa 1991); *accord Hodges v. Hodges,* 572 N.W.2d 549, 551 (Iowa 1997). In order to determine whether a court possesses personal jurisdiction over a nonresident defendant, we examine five factors, the first three of which are most heavily weighed: (1) the quantity of contacts the party has with the state seeking to exercise jurisdiction; (2) the nature and quality of the contact; (3) the source and connection of the cause of action with these contacts; (4) the interest of the forum state; and (5) the convenience of the parties. *See Bankers Trust Co. v. Fidata Trust Co.,* 452 N.W.2d 411, 413 (Iowa 1990) (citing *Larsen v. Scholl,* 296 N.W.2d 785, 788 (Iowa 1980)). We apply the constitutional

minimum contacts standard on a case-by-case basis. *Heslinga v. Bollman,* 482 N.W.2d 921, 922 (Iowa 1992).

Most of the communications between All Tech and Power Products were by telephone, which communications typically are not the type of contact alone justifying assertion of jurisdiction over nonresident parties. *See Fidata,* 452 N.W.2d at 414 (holding phone calls and mailings were "not the type [of connections] that would have led [the nonresident party] to believe it would be haled into [the] court" of the plaintiff's home state); *accord OmniLingua,* 500 N.W.2d 721.

Power Products' principal place of business was in Oklahoma. Power Products has neither officers nor sales representatives in Iowa and Power Products did not purposely avail itself to Iowa's jurisdiction by soliciting business in Iowa. "[I]t is essential ... the defendant *purposefully* avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283, 1298 (1958) (citing *International Shoe,* 326 U.S. at 319, 66 S.Ct. at 161, 90 L.Ed. at 103) (emphasis added). We note the "purposeful availment" requirement prevents a nonresident defendant from being haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528, 542 (1985); *State ex rel. Miller v. Baxter Chrysler Plymouth, Inc.,* 456 N.W.2d 371 (Iowa 1990).

Thus, it is critical in our analysis that the business relationship was not solicited by Power Products, but rather, by All Tech, which actively sought a company who could accommodate their business needs. *See OmniLingua,* 500 N.W.2d at 725 (holding fact that contract was solicited by the resident plaintiff bore upon the source and connection of the forum state with the cause of action;

---

1. While we acknowledge Iowa now collapses this formerly two-step analysis into one inquiry, (*see Hodges v. Hodges,* 572 N.W.2d 549, 551 (Iowa 1997)), we address the statutory analysis and the minimum contacts analysis separately as set forth in the parties' briefs for purposes of clarity.

court concluded Great Golf, the nonresident, "did not unilaterally inject itself into doing business in Iowa," and therefore Great Golf was ultimately not subject to the jurisdiction of the Iowa courts). Similarly, in this case, Power Products did not unilaterally—and thus did not purposefully—inject itself into conducting business activity in Iowa. Moreover, our supreme court in *Hodges,* 572 N.W.2d at 552, stated that if a non-resident "defendant has *purposefully* directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities,"[2] the "fair warning" requirement is satisfied such that a forum may appropriately assert jurisdiction over the non-resident defendant. *Id.*

*World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), is instructive. The Supreme Court in that case found the exercise of in personam jurisdiction offended due process where New York corporations did not conduct business in the forum state of Oklahoma; a husband and wife in a product-liability action tried to sue for personal injuries sustained in a car accident involving the automobile they purchased in New York. *Id.* The Court found an absence of circumstances necessary to predicate an exercise of in personam jurisdiction over non-resident defendants. *Id.* The New York defendants did not engage in any activity in Oklahoma, closed no sales and did not perform any services there, did not avail itself of any of the benefits and protections of Oklahoma law, and did not solicit business there through salespersons or advertising reasonably calculated to reach Oklahoma. *Id.* Neither did defendants regularly sell cars to Oklahoma residents nor did they indirectly seek business in the Oklahoma market. *Id.*

While the *World–Wide* case is factually distinct, the logic and rationale that inheres in the Court's analysis is applicable in this case as it bears on the sufficiency of contacts required to hale a non-resident defendant into the court's of a forum state. We reiterate Power Products did not perform any

sales or services in Iowa, had no agents or representatives in Iowa, did not have a principal headquarter or place of business in Iowa, did not inject itself into the Iowa market such that it purposefully availed itself to the laws of this jurisdiction, and only ever sold one product—the engine in this case—in Iowa. *Cf. Berkley Int'l Co., Ltd. v. Devine,* 289 N.W.2d 600 (Iowa 1980) and *Dorsey v. Anderson,* 222 Iowa 917, 270 N.W. 463 (1936) (holding even where an agent of a South Dakota corporation occasionally solicited in Iowa orders for grave memorials, this was held insufficient to constitute doing business in Iowa).

Applying the foregoing analyses, we do not find Power Products purposefully directed its activity at All Tech in Iowa.

We find there was substantial evidence in the record to support the district court's finding that granting jurisdiction over Power Products in Iowa does not comply with the notion of fair play and substantial justice. Accordingly, we affirm the district court's dismissal of All Tech's claim against Power Products.

**AFFIRMED.**

---

**2.** Quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472, 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528, 540–41 (1985) (footnote omitted) (citations omitted) (emphasis added); *accord Helicopteros* *Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404, 411 (1984).