Nancy **WIESE,** as the Executor of the Estate of Lester Wiese and Individually; Wendi Johnson, and Lance Wiese, Plaintiffs,

v.

**LEGEND AIR SUSPENSIONS, INC.;** Reed Mapes, Individually; and Iron Works Motorcycle Co., a/k/a Mapes Motorcycle Company, Defendants.

Legend Air Suspensions, Inc., Third–Party Plaintiff,

v.

Reed Mapes, Individually; and Ironworks Motorcycle Co., a/k/a Mapes Motorcycle Company, Third–Party Defendants.

No. 4:10–cv–00455–JEG.

United States District Court, S.D. Iowa, Central Division.

Sept. 19, 2012.

James M. Carlin, Sioux City, IA, for Plaintiffs.

Rosalynd Jean Koob, Peter J. Leo, Heidman Law Firm, Sioux City, IA, Defendants.

## ORDER

JAMES E. GRITZNER, Chief Judge.

This matter now comes before the Court on Defendant/Third–Party Defendant Reed Mapes' (Mapes) Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue the Amended Complaint brought by Nancy Wiese, as the Executor of the Estate of Lester Wiese and individually, and Wendi Johnson and Lance Wiese (collectively, Plaintiffs), and Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue the Third–Party Complaint brought by Third–Party Plaintiff Legend Air Suspensions, Inc. (Legend). Plaintiffs and Legend resist. A hearing was held on August 17, 2012, where Mapes was represented by William Hughes, Jr.; Legend was represented by Peter Leo; and Plaintiffs were represented by Daniel Shuck and James Carlin.[1]

---

1. Defendant/Third–Party Defendant Ironworks Motorcycle Co., a/k/a Mapes Motorcycle Company (Ironworks), was served by Legend on September 14, 2011, and appeared by counsel on September 28, 2011. Ironworks' counsel filed a Motion to Withdraw as Attorney on October 19, 2011, which was granted by the Court on October 21, 2011. Ironworks

The parties were granted ten days to provide supplemental briefing on issues addressed at the hearing but not addressed in prior briefing. The matter is now fully submitted and ready for disposition.

## I. PROCEDURAL AND FACTUAL BACKGROUND[2]

Mapes is a Florida resident and owner of Ironworks Motorcycle Co., a/k/a Mapes Motorcycle Company (Ironworks), a Florida corporation. Legend is a South Dakota corporation with its principal place of business in Sturgis, South Dakota. Lester Wiese (Wiese) was, at all relevant times, an Iowa resident. Wiese was married to Plaintiff Nancy Wiese and had two children, Plaintiffs Wendi Johnson, a resident of Oklahoma, and Lance Wiese, a resident of Nevada.

On February 28, 2005, Wiese purchased a custom-built motorcycle from its manufacturer, Ironworks, that contained a suspension kit manufactured and sold by Legend. On July 5, 2009, Wiese and his wife were riding the motorcycle when an alleged mechanical malfunction occurred, resulting in a single-vehicle crash and ultimately fatal injuries to Lester Wiese. Plaintiffs brought suit against Legend on September 30, 2010, alleging that Legend negligently breached its duty to Plaintiffs in the design, manufacture, testing, assembly, and inspection of the suspension kit and failed to warn or recall said suspension kit, which Plaintiffs allege was a proximate cause of Wiese's fatal injuries. Plaintiffs also alleged a strict liability theory and breach of express warranty, breach of implied warranty of merchantability, and implied warranty of merchantability, and

breach of implied warranty of fitness for a particular purpose.

On August 12, 2011, Legend, while denying liability, filed a Third–Party Complaint against Mapes and Ironworks seeking indemnification, contribution, court costs, fees, and expenses. Mapes moved to dismiss the Third–Party Complaint in October of 2011. Legend filed its resistance, which Plaintiffs joined on December 28, 2011. Plaintiffs then filed an Amended Complaint on February 17, 2012, adding Mapes and Ironworks as defendants. Mapes filed a Motion to Dismiss Plaintiffs' Amended Complaint, which contained nearly identical argumentation to that presented in Mapes' first motion. In resistance, Plaintiffs provided no additional reasoning but simply referenced and incorporated the arguments provided by Legend in its December 23, 2011, Response to Mapes' Motion to Dismiss the Third–Party Complaint.

## II. DISCUSSION

### A. Personal Jurisdiction Challenge

#### 1. Rule 12(b)(2) Standard

 "To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that personal jurisdiction exists, which is accomplished by pleading sufficient facts 'to support a reasonable inference that the defendant[ ] can be subjected to jurisdiction within the state.'" *K–V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 592–93 (8th Cir.2011) (alteration in original) (quoting *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir.2004)).

---

has yet to answer the Third–Party Complaint, has not been served by Plaintiffs with regard to their Amended Complaint, and is not a party to either of the motions to dismiss now before the Court.

2. Relying on pleadings and affidavits, the Court must view the facts "in the light most favorable to [Plaintiffs and Legend] and resolve all factual conflicts in favor of [those parties]." *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 647 (8th Cir.2003).

When the defendant denies personal jurisdiction, the plaintiffs bear the burden to prove facts supporting its exercise. *Wells Dairy, Inc. v. Food Movers Int'l, Inc.,* 607 F.3d 515, 518 (8th Cir.), *cert. denied,* —— U.S. ——, 131 S.Ct. 472, 178 L.Ed.2d 289 (2010). Nevertheless, the Court "must view the evidence in the light most favorable to [the non-moving party] and resolve factual conflicts in [their] favor." *See Romak USA, Inc. v. Rich,* 384 F.3d 979, 983 (8th Cir.2004).

In a diversity case, as here, personal jurisdiction over a nonresident defendant exists "only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause." *Id.* at 984 (quoting *Dever,* 380 F.3d at 1073). Under Iowa's long-arm statute, "Iowa's jurisdictional reach [is expanded] to the widest due process parameters allowed by the United States Constitution." *Wells Dairy,* 607 F.3d at 518 (quoting *Hammond v. Fla. Asset Fin. Corp.,* 695 N.W.2d 1, 5 (Iowa 2005)). Thus, this Court need only inquire "whether the exercise of personal jurisdiction comports with due process." *Id.*

"The touchstone of the due-process analysis remains whether the defendant has sufficient minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Viasystems, Inc. v. EBM–Papst St. Georgen GmbH & Co., KG,* 646 F.3d 589, 594 (8th Cir.2011) (internal alteration, citation, and quotation marks omitted). "The defendant must have engaged in 'some act by which the defendant purposefully avails [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *K–V Pharm.,* 648 F.3d at 592 (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). "This purposeful-availment requirement is met where the 'defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.'" *Id.* (quoting *Burger King,* 471 U.S. at 474, 105 S.Ct. 2174).

"The minimum contacts necessary for due process may be the basis for either 'general' or 'specific' jurisdiction." *Pangaea, Inc. v. Flying Burrito LLC,* 647 F.3d 741, 745 (8th Cir.2011) (quoting *Johnson v. Arden,* 614 F.3d 785, 794 (8th Cir. 2010)). "General jurisdiction refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose, while specific jurisdiction requires that the cause of action arise from or relate to a defendant's actions within the forum state." *Wells Dairy,* 607 F.3d at 518 (internal alteration, citation, and quotation marks omitted).

The Eighth Circuit has enumerated five factors that a court must consider when determining whether the requisite minimum contacts exist:

> (1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts; (3) the relationship of the cause of action to the contacts; (4) the interest of [the forum state] in providing a forum for its residents; and (5) the convenience or inconvenience to the parties.

*K–V Pharm.,* 648 F.3d at 592 (alteration in original) (quoting *Johnson,* 614 F.3d at 794). While "[s]ignificant weight is given to the first three factors," *Dever,* 380 F.3d at 1074, the Court must "look at all of the factors and the totality of the circumstances in deciding whether personal jurisdiction exists." *K–V Pharm.,* 648 F.3d at 592–93.

## 2. General Jurisdiction

The Court must conclude this record does not establish that Mapes is subject to general jurisdiction in the state of Iowa. While Plaintiffs and Legend argue that continuous and systematic contacts exist, the record lacks the level of evidence that would establish the requisite degree of contact. As alleged, Mapes is not a resident of Iowa, owns no property here, and has never traveled to Iowa. With regard to Ironworks' contacts, which Plaintiffs and Legend seek to impute to Mapes, Ironworks does not conduct regular business in Iowa, owns no property here, maintains no agents here, and has no bank accounts nor phone numbers here. *See Wells Dairy*, 607 F.3d at 519 (noting that general jurisdiction was not established when the defendant company was not licensed to do business in Iowa, did not have employees or agents in Iowa, did not lease nor own property in Iowa, and had not sent employees to Iowa to conduct company business). With the exception of the purported sale of a second motorcycle to an Iowa resident by Ironworks, Plaintiffs and Legend base their entire argument for general jurisdiction upon Mapes' and Ironworks' contacts with Wiese regarding his motorcycle purchase. These allegations speak only to Mapes' contacts with Iowa that pertain directly to the present litigated matter, and therefore fail to support any claim of general, rather than specific, jurisdiction. *See also VGM Fin. Servs. v. Singh*, 708 F.Supp.2d 822, 834–40 (N.D.Iowa 2010) (considering the above factors and, *inter alia*, the defendant company's multiple transactions with the forum state across five years, yet finding no basis to exercise general jurisdiction). Plaintiffs and Legend have provided an insufficient basis upon which to establish general jurisdiction; thus, the Court finds they failed to meet their prima facie burden.

## 3. Specific Jurisdiction

Mapes contends that his contacts with Iowa are insufficient to support the exercise of specific jurisdiction. Mapes denies personally designing or manufacturing the motorcycle, selling the motorcycle to Wiese, and having contact with Wiese in Iowa.

In their Response, Plaintiffs and Legend support their assertion that specific jurisdiction is proper by alleging that Mapes knew the motorcycle was being sold to an Iowa resident, and presuming that Mapes so informed the company, and by further alleging that Mapes personally communicated with Wiese regarding the particulars of the purchase, negotiated the sale, and took part in the motorcycle's design and manufacture. They also aver that Ironworks' actions can be imputed to Mapes thereby further connecting Mapes to Iowa through Ironworks' mailing of bills to Wiese in Iowa—prompting payment and forming a contract partially performed in Iowa—and through Ironworks' reaching into Iowa to ensure a qualified local repair shop was available to Wiese.

Reviewing first Mapes' direct contacts to Iowa, the Court must conclude that Mapes does not have sufficient contacts with Iowa to satisfy due process. Mapes has never traveled to Iowa and, while he communicated with Wiese, there is no indication that Mapes initiated those communications nor is it affirmatively alleged that they specifically conversed while Wiese was in Iowa.[3] "It is a defen-

---

**3.** The Affidavit of Nancy Wiese, in which she refers to returning to Iowa and to over-hearing telephone conversations, infers Lester Wiese was in Iowa during these communications.

dant's contacts with the forum state that are of interest in determining if in personam jurisdiction exists, not its contacts with a resident." *Scullin Steel Co. v. Nat'l Ry. Utilization Corp.*, 676 F.2d 309, 313 (8th Cir.1982) (quoting *Aaron Ferer & Sons Co. v. Atlas Scrap Iron & Metal Co.*, 558 F.2d 450, 455 n. 6 (8th Cir.1977)); *see also Jacobs Trading, LLC v. Ningbo Hicon Int'l Indus. Co.*, 872 F.Supp.2d 838, 843 (D.Minn.2012) (same). Assuming *arguendo* those communications did occur while Wiese was in Iowa, they still fail to establish that the exercise of personal jurisdiction comports with due process. *See Viasystems*, 646 F.3d at 594 (finding "scattered e-mails, phone calls, and a wire transfer of money" to the forum state did "not constitute a deliberate and substantial connection with the state" that would authorize specific jurisdiction over the defendant (internal citation and quotation marks omitted)); *Porter v. Berall*, 293 F.3d 1073, 1076 (8th Cir.2002) ("Contact by phone or mail is insufficient to justify exercise of personal jurisdiction under the due process clause."); *Mountaire Feeds, Inc. v. Agro Impex, S.A.*, 677 F.2d 651, 656 (8th Cir.1982) ("[T]he use of arteries of interstate mail, telephone, railway and banking facilities is insufficient, standing alone, to satisfy due process.").

Further, Mapes' knowledge that Wiese was an Iowa resident, and therefore that Ironworks was engaging in a contractual relationship with an Iowa resident, is insufficient to establish personal jurisdiction over Mapes. *See FCStone LLC v. Buckley*, 864 F.Supp.2d 816, 824 (S.D.Iowa 2012) ("[A] plaintiff's citizenship in a state is alone insufficient to establish personal jurisdiction over non-resident defendants."). That Mapes may have participated in the negotiation of said contract proves an equally inadequate basis. *See Digi–Tel Holdings, Inc. v. Proteq Telecomms.(PTE), Ltd.*, 89 F.3d 519, 525 (8th Cir.1996) ("[Defendant] did not create a substantial connection between itself and [the forum state], it merely engaged in negotiations with a purchaser who happened to reside in [the forum state]."); *Bell Paper Box, Inc. v. Trans W. Polymers, · Inc.*, 53 F.3d 920, 922 (8th Cir.1995) ("Merely entering into a contract with a forum resident does not provide the requisite contacts between a [nonresident] defendant and the forum state." (alteration in original) (quoting *Iowa Electric Light & Power Co. v. Atlas Corp.*, 603 F.2d 1301, 1303 (8th Cir.1979))); *Int'l Adm'rs, Inc. v. Pettigrew*, 430 F.Supp.2d 890, 896 (S.D.Iowa 2006) ("As a general rule, the mere fact that a non-resident enters into a contract with a resident of the forum state is not sufficient to give the courts therein personal jurisdiction over the non-resident." (citing *Burger King*, 471 U.S. at 478, 105 S.Ct. 2174)). This is particularly true as Mapes and Wiese met either in South Dakota or Florida, and Wiese traveled to and initiated the purchase in Florida, making the thrust of the transaction entirely removed from Iowa. Mapes' alleged participation in the design and manufacture of the bike, while indicative of potential liability, is effectively inapplicable for purposes of the personal jurisdiction analysis as any such design and manufacture, apart from possible telephone conversations with Lester Wiese in Iowa on that subject, occurred in Florida. Further, Mapes disputes this assertion, and Plaintiffs and Legend have failed to provide evidence demonstrating that Mapes was involved in the motorcycle's construction, despite Legend being granted limited discovery for the purposes of establishing personal jurisdiction. *See Wells Dairy*, 607 F.3d at 518 ("If the defendant controverts or denies jurisdiction, the plaintiff[s] bear[ ] the burden of proving facts supporting personal jurisdiction."); *Dever*, 380

F.3d at 1074 ("Where the assertions in [the] plaintiff[s'] complaint are contested, [resting on the conclusory allegations in the complaint] is not enough.").

■ To bolster their jurisdictional claim, Plaintiffs and Legend ask that Ironworks' connections to Iowa be imputed to Mapes through an alter ego theory. By so doing, they request that the Court attribute to Mapes the sale of the motorcycle to an Iowa resident, the sending of bills to Iowa and the resulting contract that was created and partially performed in Iowa, the fact that at least one other bike was sold to an Iowa resident, and the fact that Ironworks sought and secured in Iowa a qualified repair shop for motorcycle maintenance and repairs.[4] Before engaging in an alter ego analysis[5] involving Mapes and Ironworks, the Court must address whether the results of that analysis would be material to the issue of personal jurisdiction. The Court concludes it would not.

Even assuming the Court could impute Ironworks' conduct, the resulting contacts remain too attenuated to serve as the basis for personal jurisdiction. *See Bell Paper Box*, 53 F.3d at 922 ("To maintain personal jurisdiction, [the nonresident defendant's] contacts with [the forum state] must be more than 'random,' 'fortuitous,' or 'attenuated.'" (quoting *Burger King*, 471 U.S. at 475, 105 S.Ct. 2174)).

The Court finds the holding in *Scullin Steel Co. v. National Railway Utilization Corp.*, 676 F.2d 309 (8th Cir.1982), instructive. In *Scullin Steel*, the Eighth Circuit Court of Appeals found that the forum state lacked personal jurisdiction over the defendant company where it was not authorized to do business in the forum state, had no office or personnel there, owned no real property there, and had no agent for service of process or for any other purpose there. *Id.* at 312. Akin to the present case, the plaintiff in *Scullin Steel* actively sought to create the sales agreement with

---

4. The record indicates that an individual at the Iowa repair shop, Zylstra Motorcycle Company, spoke with "Ben" at Ironworks. Repair Order 70/107, ECF No. 43–1.

5. The issue of applicable law on the alter ego theory was discussed at the hearing and resulted in supplemental briefing. While the Court ultimately does not pursue this analysis, it does appear at this preliminary stage, for purposes of determining personal jurisdiction, Iowa law would govern despite Ironworks' incorporation in Florida. In *Epps v. Stewart Information Services Corp.*, 327 F.3d 642, 649–50 (8th Cir.2003), the Eighth Circuit applied the law of the forum state, Arkansas, to determine if a wholly-owned subsidiary company was a mere alter ego of the defendant parent company. While the wholly-owned subsidiary was an Arkansas entity, the parent company was incorporated in Delaware. Based upon this precedent, the Court would likely apply Iowa law for jurisdictional considerations. *See also Select Comfort Corp. v. Innovation Ads, Inc.*, Civil File No. 10–925 (MJD/XXX), 2011 WL 31715, at *4 (D.Minn. Jan. 5, 2011) (applying Minnesota law to determine if personal jurisdiction was proper over a New York company while noting that "[a] court may find personal jurisdiction over a defendant through piercing the corporate veil, in which case, the decision will rest on whether piercing the veil is proper under the law of the forum state" (citing *Lakota Girl Scout Council, Inc. v. Havey Fund–Raising Mgmt., Inc.*, 519 F.2d 634, 638 (8th Cir. 1975))); *BioFuels Automation, Inc. v. Kiewit Energy Co.*, Civil No. 10–610(DSD/FLN), 2010 WL 3023391, at *2 (D.Minn. July 28, 2010) (considering the law of the forum state to determine if the nonresident parent company was subject to personal jurisdiction under a piercing the corporate veil theory). *But see R & K Lombard Pharmacy Corp. v. Med. Shoppe Int'l, Inc.*, No. 4:07–CV–288 (CEJ), 2008 WL 648509, at *3 (E.D.Mo. Mar. 5, 2008) (following the forum state's practice of considering the law of the state of incorporation to determine if the forum state could pierce the corporate veil to assert personal jurisdiction over the nonresident parent corporation). While Mapes contested the application of Iowa law in his Reply, he provided no authority to support his contention.

the defendant and traveled to the office of the defendant company to negotiate the contract. *Id.* at 310. Despite the fact that plaintiff performed part of the contract in the forum state, that all manufacturing occurred in the forum state, that payment was received in the forum state, that the parties sent mail and exchanged telephone calls, and that the product was shipped from the forum state, the court found the exercise of personal jurisdiction improper. *Id.* at 310, 312.[6]

The holding in *Scullin Steel* was recently discussed and distinguished by a panel of the Eighth Circuit in *Wells Dairy Inc. v. Food Movers International, Inc.*, 607 F.3d 515 (8th Cir.2010); however, the continued essential rule and legal analysis in *Wells Dairy* actually serves only to support Mapes' position. In *Wells Dairy*, the court found that personal jurisdiction did exist because the nonresident defendant had "solicited an Iowa company for business, sought to purchase the Iowa company's products on credit provided by the Iowa company, negotiated and fulfilled the customer pick up delivery term [in Iowa], and entered into more than 100 transactions over the course of two years, during which it relied on the Iowa company for customer support." *Id.* at 520. Based on the above, the court distinguished *Scullin Steel*, further noting that, in contrast, the plaintiff in *Scullin Steel* had solicited the defendant company's business and traveled to the defendant company's headquarters to negotiate the contract. *Id.*

Here, while Ironworks was seeking to sell its wares, Wiese sought to purchase the good and traveled to Florida to do so, any resulting debt would have been owed in Florida, no further or on-going sales resulted, and no service was provided by Ironworks in Iowa. Further, while the defendant in *Wells Dairy* traveled to the forum state to collect the purchased goods, no employee of Ironworks traveled to Iowa and it appears undisputed the motorcycle was shipped to Iowa by a "private transport company." Mapes Aff. ¶ 10, ECF No. 29–1.

Similarly, the ruling in *All Tech Inc. v. Power Products Co.*, 581 N.W.2d 202 (Iowa Ct.App.1998) is persuasive that Mapes had insufficient contacts with Iowa to justify the exercise of personal jurisdiction. Akin to the present circumstance, the plaintiff in *All Tech* reached out to a nonresident business, the plaintiff then left the forum state and traveled to the defendant's place of business where a verbal contract was formed, and the product underlying the litigation was delivered to Iowa by independent carrier. *Id.* at 203. Even though the parties corresponded by phone regarding the transaction, the Iowa Court of Appeals found that sufficient minimum contacts were lacking. *Id.* at 204. The court found "critical" to its analysis that the plaintiff solicited the business relationship; thus, the defendant "did not unilaterally—and thus did not purposefully—inject

---

**6.** The court in *Scullin Steel* noted that a previous holding of the Eighth Circuit had distinguished between nonresident sellers and nonresident buyers for purposes of personal jurisdiction as recognized under Minnesota law. *Scullin Steel*, 676 F.2d at 313–14 (citing *Electro–Craft Corp. v. Maxwell Elecs. Corp.*, 417 F.2d 365 (8th Cir.1969)). The *Scullin Steel* court went on to note that a subsequent Eighth Circuit case had "not wholly endorse[d] the distinction and stated that 'the ultimate test is whether the (nonresident) defendant, either as seller or buyer, has performed some act by which (it has) purposefully (availed) itself of the privilege of conducting activities within the forum state.' " *Id.* at 314 (internal quotation marks omitted) (quoting *Aaron Ferer & Sons*, 564 F.2d at 1214–15). Accordingly, though Ironworks is a nonresident seller, this Court holds that the reasons in *Scullin Steel* remains applicable.

itself into conducting business activity in Iowa." *Id.* at 204–05.

Contact between the relevant parties originated either in South Dakota or Florida; the agreement was entered into in Florida; the motorcycle was designed and constructed in Florida; and the motorcycle was taken to Iowa by an independent carrier. Further, Ironworks and its employees, including Mapes, never traveled to Iowa, performed no sales or services in Iowa, maintained no property in Iowa, and only twice sold products to Iowa residents. *See id.* at 205 ("We reiterate [the defendant] did not perform any sales or services in Iowa, had no agents or representatives in Iowa, did not have a principal headquarter or place of business in Iowa, did not inject itself into the Iowa market such that it purposefully availed itself to the laws of this jurisdiction, and only ever sold one product-the engine in this case-in Iowa.").

Legend's third-party plaintiff claims of contribution and indemnity do not cure the personal jurisdiction deficiencies. "It is certainly more efficient, from the viewpoint of the administration of justice, to have all disputes arising from an incident settled in one place and in one lawsuit." *Lehman v. Humphrey Cayman, Ltd.,* 713 F.2d 339, 343 (8th Cir.1983). That courts favor judicial expediency, however, does not obviate Legend's burden to establish a basis for personal jurisdiction. *See, e.g., U.S. Fidelity & Guar. Co. v. Pierce Waste Oil Serv., Inc.,* 806 F.Supp. 832, 833–34 (E.D.Mo.1992) (dismissing a contribution claim for lack of personal jurisdiction over the defendant); *Afremov v. Jarayan,* Civil No. 11–313 (SRN/SER), 2012 WL 1049739, at *9 (D.Minn. Mar. 28, 2012) (applying the same due process analysis to a personal jurisdiction challenge brought by a third-party defendant facing contribution and indemnification claims).

Thus, the Court finds, in accordance with the considerations discussed above and the five factors considered by the Eighth Circuit that Mapes, whether individually or through Ironworks, had few contacts with Iowa, consisting primarily of phone calls of unspecified origin and destination, of negotiations with and a sale to an Iowa resident, of the mailing of bills to Iowa, and of contact with a repair shop in Iowa to ensure maintenance of the purchased good. These few and attenuated contacts, though related to the sale and maintenance of the motorcycle, are insufficient to establish personal jurisdiction. *See CPC–Rexcell, Inc. v. La Corona Foods, Inc.,* 912 F.2d 241, 242–44 (8th Cir.1990) (finding "numerous telephone and telefax orders" to the forum state to purchase $1.7 million worth of goods, the processing of paperwork in the forum state, payment by mail to the forum state, and the possible return of rejected goods to the forum state did not constitute sufficient minimum contacts to establish that the exercise of personal jurisdiction was consistent with due process); *Scullin Steel,* 676 F.2d at 314 ("The use of interstate facilities (telephone, the mail), the making of payments in the forum state, and the provision for delivery within the forum state are secondary or ancillary factors and cannot alone provide the minimum contacts required by due process." (internal quotation marks omitted)).

While Iowa has an interest in providing a forum for Plaintiff Nancy Wiese, its citizen, Plaintiff Wendi Johnson, Plaintiff Lance Wiese, and Third–Party Plaintiff Legend are not Iowa residents. Further, this factor, standing alone, fails to establish that the exercise of personal jurisdiction comports with due process. *See Digi–Tel Holdings,* 89 F.3d at 525 ("[Iowa's] interest in providing its residents with a forum cannot make up for the absence of minimum contacts."). Finally, while Iowa

is a more convenient forum for Plaintiff Nancy Wiese, the other nonresident Plaintiffs do not receive a comparable benefit, and it proves a substantial burden to Mapes. In view of the totality of the circumstances, the Court finds the exercise of personal jurisdiction is not justified.

## B. Improper Venue Challenge

As the Court has found that personal jurisdiction cannot be exercised over Mapes, the Court need not consider Mapes' venue challenge.

## III. CONCLUSION

For the reasons stated, Mapes' Motions to Dismiss, ECF Nos. 29, 60, must be **granted.** The Amended Complaint and the Third–Party Complaint are dismissed only against Reed Mapes in his individual capacity.

**IT IS SO ORDERED.**